LEWISTON CO-OPERATIVE SOCIETY, NO. 1,

*vs.*

GEORGE THORPE, Appellant.

Androscoggin.    Opinion December 11, 1897.

*Arrest. Corporation. Set-Off. R. S., c. 113, § 2.*

A debtor about to leave the state may be arrested in certain cases as provided in R. S., c. 113, § 2; and where a corporation is the creditor in such proceeding, the oath required by the statute must be that of some officer, or some other agent or attorney. *Held*; that the president of the corporation is competent, as representing the corporation to take such oath; and that his oath so taken is to be regarded as the oath of the creditor corporation, within the meaning of the statute.

The defendant was a stockholder in the plaintiff corporation. Its by-laws provided that "on and after six months from the date of organization of the

society, shares may be withdrawn at their par value on demand, or if the board of directors shall require, after thirty days' notice has been given; provided that no share shall be withdrawn at the expense or to the detriment of the remaining shareholders." The corporation was organized for the purpose of buying and selling "food, fuel, clothing and other necessaries of life, and to carry on the business of general dealers in merchandise." The defendant bought at the plaintiff's store goods amounting to $41.34, which was sued for in this action. He claimed to set off the amount of shares held by him, being forty dollars. He had asked to withdraw his shares about March, 1896. Suit was brought June 18, 1896. On April 13, 1896, the directors voted "to allow no more withdrawals for the present or until further action of the board." Under this vote plaintiff refused to allow defendant to withdraw his shares. *Held;* that the set-off cannot be maintained; *also,* that the action of the directors was in line of their authority, and appears to have been warranted by the condition of the corporation.

The defendant as a stockholder was interested in the venture, and the plaintiff was in no sense indebted to defendant. His capital, represented by his shares, must take the chances of the business. He could not withdraw it, if in the judgment of the directors, it could not be done with safety to the business. He must pay his indebtedness in aid of the business.

ON REPORT.

This was an action on account annexed to the writ to recover the sum of $41.34 for groceries and provisions.

Date of writ, June 18, 1896. Plea, general issue with brief statement as follows, to wit:

That he claims to set off against the plaintiff's claim the sum of forty-one dollars due him from said plaintiff according to the following account:

Lewiston Co-Operative Society No. 1.

To George Thorpe, Dr.

1896.

Jan. 18.  To amt. due in shares held by George Thorpe in the Lewiston Co-operative Society No. 1, as per account stated  $40.00
To interest on same to June 1896, 5 mos.                          1.00
                                                                 _____
                                                                 $41.00

The defendant was arrested on a capias writ by the plaintiff, the writ being returnable to the Lewiston Municipal Court.

In that court the defendant filed the following motion to dismiss the action:—

VOL. XCI.   5

STATE OF MAINE.

Androscoggin, ss.               Lewiston Municipal Court.

Lewiston Co-operative Society No. 1 vs. George Thorpe.

And now comes the said defendant and moves that the plaintiff's writ be quashed and that said action be dismissed, because he says that the service of said writ being by arrest, there was no sufficient affidavit indorsed upon said writ prior to said service to justify said service or to give this court jurisdiction.

And defendant further prays for his costs.

By SAVAGE & OAKES, his Attorneys.

[AFFIDAVIT ON WRIT.]

I, William Widdall, President of the Lewiston Co-operative Society No. 1—a corporation duly established by law, the within named creditor, make oath and say, that I have reason to believe and do believe that George Thorpe, the within named debtor is about to depart and reside beyond the limits of the state, and to take with him property or means of his own exceeding the amount required for his immediate support, and that the demand named in the within process, or the principal part thereof, amounting to at least ten dollars, is due to the within named creditor.

WILLIAM WIDDALL, President.

Androscoggin ss.                         June 18, 1896.

Subscribed and sworn to by the above named William Widdall, who also made oath that he is president of the within corporation.

Before me, FRANK A. MOREY, Justice of the Peace.

The foregoing motion was overruled by the court, and judgment having been rendered in favor of the plaintiff for the amount sued for, the defendant thereupon appealed to this court sitting at nisi prius.

After the evidence was drawn out before the jury in the court below, the case was reported to the law court. The parties stipulated that the law court should determine first the question arising above, on account of lack of jurisdiction, by reason of the defective affidavit, etc ; and if the motion should be sustained, then judgment was to be rendered for the defendant. If the motion should

not be sustained by the law court, then that court was to render such judgment as the legal rights of the parties might require, upon so much of the evidence as the court should find to be legally admissible.

The other facts appear in the opinion.

*D. J. McGillicuddy and F. A. Morey*, for plaintiff.

*H. W. Oakes*, for defendant.

The application of the defendant to withdraw his shares having been made March 29th, he became entitled to his money at that time, if at all; no further notice of thirty days having been required of him under the by-law, his right to it would vest at that time, and would not be affected by the vote of April 13th.

The defendant claims that by reason of what had occurred, this, which was originally in the form of shares, had ceased to retain that nature and had become a contract for the payment of money from the plaintiff to the defendant; that all the conditions existed which the by-laws of the plaintiff required in order to enable the defendant to demand his money; and that the mere assertion of the directors of the existence of the contingency named in the by-laws or their mere vote not to allow withdrawals, cannot bar the defendant's right to have his claim allowed as a demand capable of set-off against the claim sued upon.

Affidavit on writ:—William Widdall was not the "creditor." The certificate does not show him to be either the "agent" or "attorney" of the corporation.

But it is urged that the certificate shows him to be the president, and that it may be implied that the president is the agent or attorney of the corporation.

No such implication is allowed under our decisions. "The court cannot take anything by intendment or supply deficiencies in a matter which the legislature deemed material." *Whiting* v. *Trafton*, 16 Maine, 398; *Mason* v. *Hutchings*, 20 Maine, 77; *Bailey* v. *Carville*, 62 Maine, 524; *Sargent* v. *Roberts*, 52 Maine, 591; *Proctor* v. *Lothrop*, 68 Maine, 256.

The form of the affidavit does not show that he even assumed to act as agent or attorney.

Words similar to those used by him have again and again been held simply as descriptive of the person, and not declaratory of agency. *Fogg* v. *Virgin*, 19 Maine, 352; *Chick* v. *Trevett*, 20 Maine, 462; *Fiske* v. *Eldridge*, 12 Gray, 474; *Haverhill M. T. Ins. Co.* v. *Newhall*, 1 Allen, 130; *Barlow* v. *Cong. Soc. in Lee*, 8 Allen, 460; *Tucker Mfg. Co.* v. *Fairbanks*, 98 Mass. 101; *Sturdivant* v. *Hull*, 59 Maine, 172; *Rendell* v. *Harriman*, 75 Maine, 497.

If this affidavit is defective, the defect is jurisdictional, and the action must be dismissed. *Bailey* v. *Carville*, 62 Maine, 524; *Sawtelle* v. *Jewell*, 34 Maine, 543; *Shaw* v. *Usher*, 41 Maine, 102; *Furbish* v. *Roberts*, 39 Maine, 104.

SITTING: PETERS, C. J., FOSTER, HASKELL, WISWELL, STROUT, JJ. SAVAGE, J., having been of counsel, did not sit.

STROUT, J. To justify arrest upon mesne process, on contract, the statute requires " the creditor, his agent or attorney " to make oath to a belief in the facts enumerated in the statute. The oath, in this case, was made by the president of the plaintiff corporation. It is objected that this was not a compliance with the statute. A corporation can only act by its officers. If the creditor is a corporation, the oath must be that of some officer, or some other agent or attorney. The act of the president, in the business of the corporation, and within the scope of his authority, is the act of the corporation. For the purpose of the creditor's oath to authorize arrest, we regard the president, in taking the oath, as representing the corporation; and the oath so taken is to be regarded as the oath of the creditor corporation, within the meaning of the statute. The motion to dismiss is overruled.

Defendant was a stockholder in plaintiff corporation. Its bylaws provided that " on and after six months from the date of organization of this society, shares may be withdrawn at their par value, on demand, or if the Board of Directors shall require, after thirty days' notice has been given; provided that no share shall be withdrawn at the expense or to the detriment of the remaining

shareholders." The corporation was organized in 1883, for the purpose of buying and selling " food, fuel, clothing and other necessaries of life, and to carry on the business of general dealers in merchandise."

Defendant bought at plaintiff's store goods to amount of $41.34, which is sued for in this action. He claims to set off the amount of shares held by him, being forty dollars. Thorpe asked to withdraw his shares about March, 1896. Writ was dated June 18, 1896. On April 13, 1896, the directors voted " to allow no more withdrawals for the present or until further action by the board." In accordance with this vote, plaintiff refused to allow defendant to withdraw his shares.

The action of the directors was in line of their authority under the by-laws, and appears to have been warranted by the condition of the corporation. The defendant had stock in the corporation, an interest in the venture. The success or even continuance of the business might be endangered or ruined, if share holders, at pleasure, could withdraw the capital by them contributed to the enterprise. Plaintiffs were in no sense indebted to defendant. They had a right to require payment from defendant for goods purchased by him. His capital, represented by his shares, must take the chances of the business. If the corporation, in the honest judgment of the directors, could safely allow him to withdraw his capital, it could be done; but until then, he was one of the principals in the enterprise, to stand or fall with them. He must pay his indebtedness in aid of the business.

*Judgment for plaintiff.*