DAMRON AND KELLY V. CITIZENS NATIONAL BANK OF
CLINTWOOD, VIRGINIA.

September 14, 1911.

1. ATTACHMENTS—*Sufficiency of Affidavit—Vice-President—Director.*—An affidavit signed by the affiant with the addition of the words "Vice-President" or "Director" is not sufficient to support an attachment in this State.  It cannot be said, as a matter of law, in the absence of averment, that the term "vice-president" or "director" necessarily imports the relation of agency between such officer and his corporation within the intendment of the statute laws of this State, which requires the affidavit to be made by "the plaintiff, his agent or attorney." If he is in fact such agent, it should be averred in the affidavit. Attachment laws being in derogation of the common law and harsh in their application, substantial compliance with their requirements must be made to appear on the face of the proceedings.

Appeal from decrees of the Circuit Court of Dickenson county.  Decree for complainant.  Intervenors in attachment proceedings appeal.

*Reversed.*

The opinion states the case.

*Chase & Daugherty,* for the appellants.

*Skeen & Skeen* and *W. H. Rouse,* for the appellee.

HARRISON, J., delivered the opinion of the court.

This is an appeal from two decrees of the Circuit Court of Dickenson county in two chancery causes heard together,

which were attachments in equity, sued out by the appellee bank against W. C. D. Sutherland, in the one case, and against W. C. D. Sutherland, Lizzie Sutherland and Frances Vanover, in the other. The appellants, J. K. Damron and D. G. Kelly, who were subsequent attaching creditors, appeared, by consent of counsel and with leave of court, for the purpose of moving the court to quash the attachment of the appellee bank in each case, upon the ground that the affidavits upon which the attachments were issued did not comply with section 2964 of the Code, which requires such affidavits to be made by the plaintiff, his agent or attorney. From the two decrees overruling the motion to quash, and directing a sale of the property attached, this appeal has been taken.

The affidavit in one case was made by C. C. Childress, who signed the same "C. C. Childress, Vice-President," and in the other case the affidavit was made by J. H. Long, who signed the same "J. H. Long, Director." The question presented is whether either the vice-president or director of a bank is such an agent of the corporation, in contemplation of the attachment laws, as to authorize either of them, by virtue of his office, without other authority, to make the required affidavit.

This question has been fully discussed and decided by this court in the case of *Taylor* v. *Sutherlin-Meade Co.*, 107 Va. 787, 60 S. E. 132, where it is held that an attachment awarded to a corporation as plaintiff, based upon the affidavit of its secretary and treasurer, as such and without more, cannot be maintained. The principle there settled is equally controlling in the case of the vice-president or a director of a corporation. The court cannot say, as a matter of law, in the absence of averment, that the term vice-president or director necessarily imports the relation of agency between such officer and his corporation within the intendment of the statute laws of this State, which require the affidavit to be

69

made by "the plaintiff, his agent or attorney." If he is in fact such agent, it should be averred in the affidavit. Attachment laws being in derogation of the common law and harsh in their application, substantial compliance with their requirements must be made to appear on the face of the proceedings.

Correct practice requires the affidavit to aver that the affiant is "the plaintiff, his agent or attorney," according to the fact; and compliance with the rule imposes no undue hardship upon the attaching creditor. In the case of a corporation, it can appoint as many agents as it pleases with specific authority to make such affidavits.

The appellee bank having failed to comply with the law concerning the affidavits upon which its attachments were issued, we are of opinion that the circuit court erred in overruling the motion of the appellants to abate the same.

The decrees complained of must, therefore, be reversed, and the two bills filed by the appellee in these attachment cases will be dismissed.

*Reversed.*