# Wytheville.

## CLEMENT V. ADAMS BROS.–PAYNES CO., INC., AND OTHERS.

### June 13, 1912.

#### Absent, Keith, P.

1. MECHANIC'S LIEN—*Affidavit Filed with Account—Sufficiency—Affidavit of President of Corporation.*—The verification of the account filed with a mechanic's lien, by the affidavit of the claimant or his agent, is one of the essential requirements of the statute in perfecting the lien. If the affiant bears the relation of agent to the claimant, that fact must be averred in the affidavit. The president of a corporation is not, merely by virtue of his office, the agent of his corporation to make such an affidavit, and, unless the affidavit made by the president avers that he is in fact the agent of the corporation for that purpose, the affidavit is not sufficient as the basis of a mechanic's lien claimed by the corporation. The making of such affidavit is not one of the implied powers of the president.

2. MECHANIC'S LIEN—*Affidavit—Dismissed on Appeal—Amendment.*—The validity of a mechanic's lien is dependent upon the sufficiency of the affidavit filed with the account, and, in reversing a decree enforcing such a lien on account of the insufficiency of the affidavit, this court cannot remand the case to the lower court for the purpose of enabling the claimant to show the sufficiency of the affidavit, but must dismiss the suit.

3. MECHANIC'S LIEN—*How Statute Construed—Code, Section 2478.*—The remedial portions of the mechanic's lien law, which provide for enforcing the lien after it is perfected, should be liberally construed, but the other portions, upon which the right to the existence of the lien depends, being in derogation of the common law, should be strictly construed. This rule of construction is not abrogated by section 2478 of the Code. That section points out only two defects that may be disregarded, and it would seem that all other defects should be regarded.

Appeal from a decree of the Circuit Court of Appomattox county. Decree for the complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*Caskie & Caskie,* for the appellant.

*F. C. Moon, Sackett & Sackett,* and *R. C. Blackford,* for the appellees.

HARRISON, J., delivered the opinion of the court.

The bill in this case was filed by the appellee corporation for the purpose of asserting and enforcing an alleged mechanic's lien against certain real estate of the appellant. A demurrer to the bill by the appellant was overruled, and, upon the final hearing, a decree was entered in favor of a receiver appointed by the court for $367.39, the balance due from the appellant, and provision made for the sale of her property to satisfy the same. From the decree overruling the demurrer and the final decree, this appeal was allowed.

The first assignment of error is to the action of the circuit court in overruling the demurrer to the bill. The ground of demurrer was that the alleged mechanic's lien was not supported by proper affidavit, and was, therefore, void and of no effect; that in support of an account constituting the basis for a mechanic's lien the statute requires the same to be verified by the affidavit of the "claimant or his agent," whereas, in this case, the affidavit was made by C. S. Adams, the president of the plaintiff corporation, and contains no averment of any agency on the part of the affiant, and that it cannot be implied that the president of the appellee corporation was, by virtue of his office, its agent to make the required affidavit.

Section 2475 of the Code provides that all lumber dealers and other persons furnishing materials for the construction of any building shall have a lien, "if perfected as hereinafter provided," upon such building or structure.

Sections 2476 and 2477 provide that, among other steps necessary to perfect such lien, an account shall be filed by the general or sub-contractor, as the case may be, showing the amount and character of the materials furnished, the prices charged therefor,

the payments made, if any, and the balance due, verified by the oath of the "claimant or his agent."

Adams Bros.-Paynes Company is a corporation, and the language of the affidavit attached to the account which constitutes the basis of the proceeding is that "C. S. Adams, the president of Adams Bros.-Paynes Co., a corporation, this day personally appeared before me in my said city, and, being by me first duly sworn, made oath to the correctness of the foregoing account."

The contention of the appellee, that the president of a corporation is necessarily its agent for the purpose of making the affidavit required in this case, cannot be sustained. The general doctrine is well settled that the powers of a private corporation, so far as its dealings with third persons are concerned, are primarily lodged in its board of directors, from which source the officers, either expressly or by implication, derive such measure of authority as may be bestowed upon them.

With respect to the powers of the president of a corporation it is said: "The office itself, however, confers no power to bind the corporation or control its property. The president's power as an agent must be sought in the organic law of the corporation, in a delegation of authority from it, directly or through its board of directors, formally expressed or implied from a habit or custom of doing business." 10 Cyc. 903, 2 Cook on Corp. (5th ed.) sec. 716; Morawetz on Private Corp., sec. 537. See, also, *Crump* v. *U. S. Mining Co.,* 7 Gratt. (48 Va.) 352, 56 Am. Dec. 116; *Hodges* v. *Bank,* 22 Gratt. (63 Va.) 60.

"The implied powers of the president of a corporation depend upon the nature of the company's business and the measure of authority delegated to him by the board of directors. It seems that a president has no greater power, by virtue of his office merely, than any other director of the company, except that he is the presiding officer at the meeting of the board. The Supreme Court of New Jersey said, 'In the absence of anything in the acts of incorporation bestowing special power upon the president, he has, from his mere official station, no more control over the corporate property and funds than any other director. The affairs of corporate bodies are within the exclusive control of their board of directors, from whom authority to dispose of their estates must be derived.'" 1 Morawetz on Private Corp., sec. 537.

In the case of *Lancaster* v. *Barton*, 102 Va. 615, 24 S. E. 251, where the question was as to the sufficiency of an affidavit to a bill which had to be verified by the oath of the plaintiff, and it appeared of record that the party objecting had shown by his own witness that the bill was signed and sworn to by each of the plaintiffs in his proper person, it was held to be sufficient, the court saying, however, that "the better practice was for the certificate to show on its face that the bill was sworn to by the plaintiff, and not leave that fact to be supplied by evidence *aliunde.*" Since that decision this court has repeatedly held that if the affiant bore the relation of agent to the plaintiff, the fact must be averred in the affidavit.

In the case of *Merriman* v. *Thomas*, 103 Va. 24, 48 S. E. 490, in construing section 3286 of the Code, which provides that if in an action of *assumpsit* the account sued on is verified by an affidavit made by "the plaintiff or his agent," no plea in bar shall be received unless accompanied by a like counter affidavit, this court held that the word "book-keeper" did not import agency, and that the affidavit of the plaintiff's book-keeper, without more, was not a compliance with the statute. The court says: "The statute makes an innovation upon the established mode of procedure in such cases, and the plaintiff, in order to take advantage of it, must proceed in accordance with its provisions. The affidavit can only be made by the plaintiff, or his agent."

The court also, in that case, quoted with approval 2 Cyclopedia of Law and Procedure, page 5, where it is said, concerning affidavits and who may make them: "In determining this question reference must always be had to the statutes and the rules of court governing the particular affidavit. Thus, where a statute specifically points out who may make a certain affidavit, it can be made by no other than those specified." The court adds, "If the statute had prescribed that the affidavit should be made by the plaintiff in person, then it could have been made by no one else, and when it is declared that it must be made by the plaintiff or his agent, the courts must be content to construe the language employed." * * * "While a book-keeper may be, and often is, the agent of his employer, the word does not, *ex vi termini*, import that relation, and, in the absence of averment in the

affidavit that it exists, the courts cannot by intendment enlarge the ordinary signification of the word so as to bring it within a class to which it may or may not belong."

In the case of *Taylor* v. *Sutherlin-Meade Co.*, 107 Va. 787, 60 S. E. 132, this court held that it could not say, as a matter of law, and in the absence of averment, that the term "secretary and treasurer" necessarily imported the relation of agency between such officer and his corporation, within the intendment of the attachment laws of this State, which require the affidavit to be made by the "plaintiff, his agent, or attorney"; that if he was in fact such agent it should have been averred in the affidavit. Upon petition for rehearing in that case we were asked to remand the case to the lower court for the purpose of enabling the appellants to prove the agency of the "secretary and treasurer." This was denied, upon the ground that jurisdiction of attachments in equity was acquired alone by force of the affidavit; and that on appeal in a case founded on an insufficient affidavit this court could only abate the attachment and dismiss the proceeding, in the absence of application to amend the affidavit in the trial court.

In the more recent case of *Damron & Kelly* v. *Bank*, 112 Va. 54, 72 S. E. 153, the same conclusion was reached with respect to affidavits made in support of attachment proceedings, in the one case by the vice-president of a corporation, and in the other by a director of the same corporation; the court holding that neither the vice-president nor the director of a bank was such an agent of the corporation, in contemplation of the attachment laws, as to authorize either of them, by virtue of his office, without other authority, to make the required affidavit; and further holding that correct practice required the affidavit to aver that the affiant was the "plaintiff, his agent, or attorney," if such was the fact, and that compliance with the rule imposed no undue hardship, as a corporation could appoint as many agents as it pleased with specific authority to make such affidavits.

The appellee contends that affidavits in attachment proceedings might be held defective, whereas a different rule would obtain as to mechanics' liens, when a more liberal construction is to be applied. There is no difference in the rule of construction

in the two cases when that portion of the mechanic's lien statute which prescribes the method of perfecting the lien is being construed. The remedial portion of the statute, which provides for enforcing the lien after it is perfected, is to be liberally construed, but that portion dealing with the right to the existence of the lien is to be strictly construed.

This distinction as to construction is laid down in 20 A. & E. Ency. of Law (2d ed.), p. 278, where, after reviewing the authority on the question of the method of construction of mechanics' lien statute, the conclusion is reached, under the heading of "The Safe Rule," that "The nearest approach to a general rule which can be safely laid down would seem to be that the remedial portion of mechanic's lien statutes should be liberally construed; but that the other parts, those upon which the right to the existence of a lien depends, being in derogation of the common law, should be strictly construed."

This rule of construction has been clearly recognized by this court in the case of *Bristol Iron, &c. Co.* v. *Thomas,* 93 Va. 396, 25 S. E. 110, where it is said, at pages 400 and 401: "The statute upon this subject is remedial in its nature, and, while courts require a strict compliance with all the statute prescribes for the completion or perfection of the lien, and cannot, by construction, supply any failure or omission on the part of the claimant, and, to this extent, may be said to place a strict construction upon the statute, as being an innovation upon the common law, yet when the mechanic has done all that it is necessary for him to do, has performed the work or supplied the material, and perfected his lien therefor in the prescribed mode, the duty of the court is to see that those whom the law intended to protect shall enjoy the advantages which it confers."

In *Trustees* v. *Davis,* 85 Va. 193, 7 S. E. 245, in speaking of the provisions for perfecting mechanics' liens, it is said: "These provisions of the statute are indispensable to the creation of the lien, and hence, if one of them be not complied with, no lien is acquired."

And in *Shackelford* v. *Beck,* 80 Va. 573, 577, referring to those portions of the mechanic's lien statutes, the court says the statute has "prescribed in express, plain, and unmistakable language

*the way,* and the *only way,* in which the purpose it had in view can be effected; * * * it is purely a creation of the statute, and it must be availed of, if at all, upon the terms and conditions which the statute prescribes." And on page 579 it is said, "As the law calls for nothing unreasonable at the hand of him who would fasten an incumbrance upon the property of his neighbor, no just ground of complaint is afforded by insisting upon a rigid adherence to its provisions."

The appellee relies upon section 2478 of the Code as showing that the legislature intended a very liberal construction, and, therefore, that the affidavit, though not in strict compliance with the statute, would be good. That section provides that "No inaccuracy in the account filed, or in the description of the property to be covered by the lien, shall invalidate the lien," &c.

The legislature having designated but two defects that could be disregarded, it would seem that, under the doctrine of *inclusio unius, exclusio alterius,* it intended that defects not mentioned were to be regarded.

In conclusion, and in the light of the authorities cited, we are of opinion that the verification of the account by the affidavit of the "claimant or his agent" is one of the essential requirements of the statute in perfecting a mechanic's lien; that the president is not, by virtue of his office, the agent of his corporation to make such an affidavit; and that unless the affidavit, when made by the president, avers that he is in fact the agent of the corporation for that purpose, the lien is not perfected, and, therefore, does not exist. There being no lien, a court of equity is without jurisdiction to afford relief, and the bill must be dismissed.

For these reasons the decrees complained of must be reversed, the demurrer sustained, and the bill dismissed with costs.

BUCHANAN, J., dissenting:

The action of the court in overruling the demurrer to the bill is assigned as error. The ground of the demurrer to the bill, which was filed to enforce a mechanic's lien, is that the lien is void because not supported by the proper affidavit.

The Code provides that in order to perfect such lien the contractor or sub-contractor (sections 2476, 2477) shall, among other things, file in the clerk's office of the proper court "an account showing the amount and character of the work done or materials furnished, the prices charged therefor, the payments made, if any, and the balance due, verified by the oath of the claimant or his agent, with a statement attached declaring his intention to claim the benefit of said lien.    *    *    *    "

The affidavit, the sufficiency of which is denied, is as follows: "I, Josephine G. Yeatman, a notary public in and for the city of Lynchburg, in the State of Virginia, do hereby certify that C. S. Adams, the president of Adams Bros.–Paynes Co., a corporation, this day personally appeared before me in my said city, and, being by me first duly sworn, made oath to the correctness of the foregoing account."

The objection made to the affidavit is that it was "made by C. S. Adams, president of the plaintiff corporation, and contains no averment of any agency on the part of said Adams. The mere use of the term president does not imply such agency."

Assuming, but not deciding, that where an affidavit is made by a person as agent of a corporation, the fact that he is such agent must be stated or averred in the affidavit, where it is made by the president of the corporation as well as where it is made by its book-keeper, as in *Merriman* v. *Thomas*, 103 Va. 24, 48 S. E. 490, or by its secretary and treasurer, as in *Taylor, Receiver, &c.* v. *Sutherlin–Meade Tobacco Co.*, 107 Va. 787, 60 S. E. 132, or by its vice-president, or its director, as in *Damron & Kelly* v. *Citizens Nat'l Bank*, 112 Va. 544, 72 S. E. 153, it does not follow, as it seems to me, that the affidavit in question is not sufficient. The statute expressly provides that the affidavit required can be made in either of two ways—by the claimant himself or by his agent. It is not denied, and, if it were, the contrary has been expressly decided (*Haskin Co.* v. *Cleveland Co.*, 94 Va. 439, 447, 26 S. E. 878), that a corporation is within the meaning and entitled to the benefits of our mechanic's lien law. Since a corporation may be a mechanic's lien claimant, why cannot the affidavit required be made by it through its president, as well as by an agent expressly authorized to make it? To hold otherwise would

be, as was said by the Court of Errors and Appeals of the State of New Jersey, in passing upon the sufficiency of an affidavit made under a chattel mortgage statute, which provided that the affidavit required might be made by the holder of the mortgage or his agent or his attorney, to rest the decision upon "the denial of the right of a corporation to be a holder within the meaning and entitled to the benefits of the statute, or else upon the assumed right of the court to nullify one of the three modes by which the legislature has allowed the affidavit to be made." *Am. Soda Fountain Co.* v. *Stolzenbach*, 75 N. J. Law 721, 725, 68 Atl. 1078, 1080, 127 Am. St. Rep. 822, 16 L. R. A. (N. S.) 703.

The decision cannot be rested on the former alternative, for, as we have seen, a corporation is within the meaning of and entitled to the benefits of the statute. It cannot be rested on the latter alternative, unless it be that a corporation cannot make such affidavit *per se,* but only *per alium*—by an agent. It is true that a corporation cannot perform the acts required of a mechanic's lien claimant except through some agency or some agent. It cannot make out and file the account required by section 2476, or give the notice required by section 2477, any more than it can make the affidavit required by both sections, except by some agency or agent; but it does not follow that, because it must use some agency in performing those acts, it is not doing them *per se,* but is acting *per alium.* The corporation may make out and file the account and give the notice required through its own administrative officers—"its inherent agencies," as they are sometimes called—or it may cause those things to be done by a person specially authorized to do them. In the one case it is doing the acts itself; in the other its authorized agent is doing the acts for it.

The distinction between these two modes of acting is clearly stated by Judge Dill in delivering the opinion of the court of Errors and Appeals of the State of New Jersey, in the case of *American Soda Fountain Co.* v. *Stolzenbach, supra.* He says: "The fallacy of the argument of the defendant in error is that it fails to note the distinction between a corporate act, performed through the intermediation of a person specially empowered to act as its agent or its attorney, and a like act done immediately by the corporation, through its administrative officers—its inherent

agencies. The right of an artificial person to empower and employ agents or attorneys is identical with that of a natural person—each is governed alike by the law of principal and agent. The fundamental difference between the natural and the artificial person is that the latter, even when not acting as principal through the intermediation of an agent, acts through some agency inherent in its corporate form. Normally such agency inheres in the natural persons who hold and administer the offices of the corporation. The analogy of a natural body having a head and members holds good in the case of the artificial body, the common and declared law recognizing that the officers are the means, the hands, the head, by which corporations normally act. *Bank of Toronto* v. *McDougall*, 15 U. C. C. P. 475, 482. The very word 'officer' has this precise meaning. Webster gives the etymology of the word as 'ops,' help, and 'facere,' to do or make. Hence, when a corporation does not go outside of its corporate machinery and capacity in doing a corporate act, it is a confusion of terms and of ideas to say that it is acting through an agent, when the fact is that it is acting through an agency, and in chief. This distinction is not merely verbal, and hence trivial, but, on the contrary, marks the wide difference that exists between acting for oneself by an inherent faculty, and the employment of another person to act for and in one's stead. In this, as in all cases, loose terminology implies and conduces to loose reasoning. The maxim *qui facit per alium facit per se* requires and should be applied only when the agent—the *alius*—is not the principal acting for himself."

That a corporation does and may so act has been recognized in numerous cases. The English cases seem to recognize the distinction between the act of the corporation by an agent or attorney and the act of an administrative officer in behalf of the corporation. *Deffell* v. *White*, 36 L. J. N. S. Common Pleas 25; *Shears* v. *Jacobs* (1866), 35 L. J. (N. S.), Pt. 2, Common Pleas 241; *Penwarden* v. *Roberts* (1882), 51 L. J. (N. S.), Pt. 2, Common Law 312.

In *Bank of Toronto* v. *McDougall*, 15 U. C. C. P. 475, the question was as to the validity of an affidavit as to the *bona fides* of a mortgage made by one of the officers of the corporation, in

which there was no recital of specific authority, nor a statement. that the officer was the agent of the corporation, nor evidence, by statute or otherwise, that the officer, by virtue of his office, had the power to bind the corporation. When that case was. decided the statutes of Canada provided that, where such affidavit was made by the agent or attorney, there must accompany it proof of authority. It was held that when the officer made the affidavit he did not act as an agent, but directly and in chief, and not by delegation, and that the affidavit might be properly considered as the affidavit of the mortgagee corporation, "made in the only way the mortgagee could make the affidavit—namely,. through its administrative officer."

In *New Brunswick Steamboat Co.* v. *Baldwin*, 14 N. J. Law 440, it was held that "an affidavit made by the president, secretary, or other proper officer or agent of a corporation, where the corpo- ration is a party to the suit, is, in legal contemplation, an affidavit. made by the party."

In *Hopper* v. *Lovejoy*, 47 N. J. Eq. 573, 21 Atl. 298, 12 L. R. A. 588, it was decided that "in the eye of the law" the acknowledg- ment annexed to a chattel mortgage made by an officer of the grantor (corporation) was the acknowledgment of the grantor itself, as distinguished from the act of an agent or attorney.

In New York it is held that the verification of a pleading by an officer of a corporation is the verification of the corporation;. that because an officer of the corporation acts in chief, and not by delegation, in making such verification, he is neither an agent. nor an attorney, nor is he within the rule that an agent or attorney must state his authority and the sources of his information and the grounds of his belief. "Such verification," it was said by the court, "is the verification of the corporation and a verification by the party." *American Insulator Co.* v. *Bankers, &c. Tel. Co..*, 13 Daly (N. Y.) 200, 205; *Henry* v. *Brooklyn Heights R. Co.*, 89 N. Y. Supp. 525; *Shaft* v. *Phœnix Mutual Life Ins. Co..*, 67 N. Y. 544, 23 Am. Rep. 138.

In *Bank* v. *Hutchinson*, 87 N. C. 22, the conclusion was reached, based upon similar reasoning, that the verification of pleadings. by an officer of a corporation is the verification of the corporation itself.

In *Lewiston Co-Op. Soc. &c.* v. *Thorpe,* 91 Me. 64, 39 Atl. 283, the Supreme Judicial Court of Maine held that the oath of the president of a corporation was to be regarded as the oath of the corporation. In that State a debtor about to leave the same may, in certain cases, be arrested, but to justify such arrest the statute requires "the creditor, his agent, or attorney" to make oath to a belief in the facts enumerated in the statute. The court said, among other things, in discussing the question, that "for the purpose of the creditor's oath to authorize arrest we regard the president, in taking the oath, as representing the corporation; and the oath so taken is to be regarded as the oath of the creditor corporation, within the meaning of the statute." There was nothing in the affidivat to show the authority of the affiant to make it, other than that he was the president of the creditor corporation.

In *Scott Stamp Co.* v. *Leake, Adm'r,* 9 Cal. App. 512, 516, 91 Pac. 731, it was held that the only way that a corporation can act in verifying a claim against the estate of a decedent is by the affidavit of one of its officers; that the statement of his office in the affidavit is sufficient; and that the section of the Code requiring an affidavit to such a claim, made by a person other than the claimant, to set forth the reasons therefor, did not apply, since the affidavit must be regarded as made by the corporation itself.

Unless the affidavit of the president of a corporation can be treated as the affidavit of the corporation itself—an act *per se* and not *per alium*—there are many cases in which corporations would be deprived of the benefit of statutes, where they are as much within the reason and spirit of the law, if not the letter, as private individuals; for where the word "person" is used in a statute, corporations, as well as individuals, are included for civil purposes. This was the rule at common law, and is also the rule under sub-section 13 of section 5 of the Code, unless they are exempt by its terms or by the nature of the subject to which the statute relates. *B. & O. R. R.* v. *Gallahue's Adm'rs,* 12 Gratt (53 Va.) 655; *Miller* v. *Commonwealth,* 27 Gratt. (68 Va.) 110; ·Constitution, sec. 153; Code, sec. 1313a, cl. 1.

In the chapter on mechanic's liens, as to a certain class of liens, it is provided by section 2487 of the Code that "Any assignee of

such claim may file the memorandum, and make the oath required by the preceding section, and shall have the same rights as the assignor."

Under the interpleader statute (section 2998 of the Code), the affidavit required is the affidavit of the defendant who wishes to take advantage of its provisions. The question of the genuineness of a party's signature to a writing, under certain circumstances, cannot be raised under section 3250 of the Code, unless the party denying its genuineness shall himself make the affidavit required. Under section 3371 of the Code, one who desires the production of books and papers, as therein provided for, must make the affidavit required. Where a tenant is unable to give a forthcoming bond, and desires to obtain the benefit of the provisions of section 3618 of the Code, he must make the affidavit provided for. By the tax bill, p. 2260 of the Code, it is provided that every licensed person who manufactures brandy must furnish the commissioner of the revenue a copy of the returns made by him to the internal revenue assessor of the United States, and the commissioner of the revenue shall require said licensed distiller to make affidavit to the correctness of such returns. Under those statutes, and others which might be referred to, where there is no authority for the affidavit to be made by an agent, or *per alium*, it would be impossible for the person authorized or required to make the affidavits provided for, if a corporation, unless they could be made by the corporation's president or other officer, and be treated as the affidavit of such corporation, or unless it be held, as some courts have done, that since the oath required cannot be made by the corporation itself, it may appoint an agent to make it. But, under our cases, where the affidavit is required to be made by the party himself, it cannot, it is said, be made by an agent. See *Merriman* v. *Thomas, supra; Taylor* v. *Sutherlin-Meade Tobacco Co., supra.*

In this case it is to be kept in mind that in making the affidavit the president of the corporation was not attempting to bind it as by a contract. There is no question on the demurrer that the contract was not properly entered into by the corporation, and the services rendered and the material furnished by it, to secure the payment of which it was attempting to secure a me-

chanic's lien. The act of the president in making the affidavit was merely ancillary to the contract, and was inherently and necessarily for the benefit of the corporation. The affidavit was but one of the steps made a condition precedent to recording the writings named in the statute to perfect the lien. After the affidavit was made, the corporation availed itself of it, and recorded it along with the account and the writing declaring its intention to claim the benefit of the mechanic's lien law, as required by the statute. Neither the corporation nor any one authorized to speak for it has objected to the action of its president in making the affidavit, but, on the contrary, the corporation is in court seeking to enforce the lien, thereby declaring that the act of its president in making the affidavit was its act, or at least done by its authority. See *American Soda Fountain Co.* v. *Stolzenbach, supra,* p. 1082.

But this is not all. The writing by which the corporation declared its intention of claiming the benefit of the mechanic's lien law (which the statute requires, and which is filed as an exhibit with the bill and made a part thereof), and which went to record as its act, declares that the said "Adams Bros.–Paynes Company herewith files an account showing the nature and character of the materials furnished, the prices charged, the payments made, and the balance due, *verified by affidavit.*" If it were true that the affidavit, when made by its president, was not the affidavit of the corporation *per se,* or that he was not the agent of the corporation when he made it, the said statement, adopting and treating the affidavit as its own, or as made by its authority, when it filed the papers required by the statute with the clerk for recordation in perfecting its lien, was a ratification of the act of the president in making the affidavit, and gave it all the force and effect it would have had if the authority to make it had existed when made. Under these circumstances, I cannot understand upon what legal principle it can be said that the affidavit in question was made without authority.

I am of opinion that the affidavit of the president of the appellee corporation was, in legal contemplation, the affidavit of the corporation, but if it were not, and the president, by virtue of his office, had no authority to make it when made, that the action of

the corporation when it filed its statement declaring its intention to claim the benefit of the mechanic's lien law was a ratification of the act of the president in making the affidavit, and was as effective for the purposes for which it was made. as if the authority to make it had existed when the affidavit was made.

For these reasons I am of opinion that the trial court properly overruled the demurrer to the bill, and I cannot concur in the opinion of this court sustaining the demurrer and dismissing the bill.

*Reversed.*