WILLIAM SILAS CUMBEE, JR.

v.

JOHN B. MYERS, JR., CLERK CIRCUIT COURT OF MONT-
GOMERY COUNTY

Record No. 831383

November 26, 1986

Present: All the Justices

*Max Jenkins (Jenkins, Quigley & Craig*, on brief), for appellant.

*Neil A. G. McPhie, Assistant Attorney General (Gerald L. Baliles, Attorney General; James T. Moore, III, Senior Assistant Attorney General*, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

In this appeal, we determine whether a notary public's certification that a deed was "[s]ubscribed and sworn to" by a grantor satisfies the acknowledgment requirement of Code § 55-113.

William Silas Cumbee, Jr., presented a deed for recordation to John B. Myers, Jr., Clerk of the Circuit Court of Montgomery County (the Clerk). The deed contained the signatures of five grantors. Three different notaries public executed certificates stating that the deed was "[s]ubscribed and sworn to" by each grantor. The Clerk refused to record the deed because he believed the words, "subscribed and sworn to," did not comply with Code § 55-113. Cumbee petitioned the trial court for a writ of mandamus to compel the Clerk to record the deed. The court denied the petition, ruling that the words, "subscribed and sworn to," do not constitute "substantial compliance" with the acknowledgment statute.[1] This appeal ensued.

Code § 55-113 prescribes the requirements for an acknowledgment and reads in pertinent part:

> Such . . . clerk . . . shall admit any such writing to record as to any person whose name is signed thereto, except acknowledgment of contracts for the sale of real property shall require the seller or grantor of such real property to acknowledge his signature as herein provided . . . .
>
> (1) Upon the certificate of . . . a notary public . . . that such writing had been acknowledged before him by such person. Such certificate shall be written upon or annexed to such writing and shall be substantially to the following effect, to wit:
>
> I, _____, clerk (or deputy clerk, or a commissioner in chancery) of the _____ court, (or a notary public) for the county (or corporation) aforesaid, in the State (or territory, or district) of _____, do certify that E.F., or E.F. and

---

[1] The Clerk demurred to the petition on the grounds that (1) the phrase "subscribed and sworn to" did not substantially comply with Code § 55-113, and (2) mandamus did not lie because "there was no clear ministerial duty which the [clerk] failed to perform." The trial court sustained the first ground of the demurrer, but fails to address the second. Because the Clerk has not assigned cross-error with respect to this issue, we will not address it on appeal. Rule 5:18(b).

G.H., and so forth, whose name (or names) is (or are) signed to the writing above (or hereto annexed) bearing date on the _____ day of _____, has (or have) acknowledged the same before me in my county (or corporation) aforesaid.
Given under my hand this \_\_\_\_\_ day of _____.

■ The policy of the Commonwealth is "to look with great leniency on certificates of acknowledgment, and to uphold them if possible." *Blair* v. *Rorer's Adm'r*, 135 Va. 1, 24, 116 S.E. 767, 775 (1923), *error denied*, 262 U.S. 734 (1923). Obvious technical errors in a certificate of acknowledgment will be disregarded; a substantial compliance with the acknowledgment statute is all that is required. *Id.* "If it is reasonably certain that the grantor made the acknowledgment of the instrument in question that is sufficient," *id.*, because "[t]he object of the statute is that the notary . . . shall know and certify that the person whose name is signed to the instrument is the person who is acknowledging it." *Building and Loan Ass'n* v. *Roane*, 205 Va. 916, 917, 140 S.E.2d 823, 824 (1965). Indeed, a handbook for notaries public prepared and published by the Secretary of the Commonwealth pursuant to Code § 47.1-11,[2] provides, *inter alia*, two suggested forms of and procedures for acknowledgments, one using the words, "acknowledged before me," and the other, the words "subscribed and sworn." *A Handbook for Notaries Public Practicing in Virginia*, (3d ed. July 1980), p. 5-6 (the Handbook).

The Clerk contends that the phrase, "subscribed and sworn to," generally called the "jurat," is an unacceptable and insufficient acknowledgment of a deed of conveyance. He relies in part on *Wisniewski* v. *Johnson*, 223 Va. 141, 143, 286 S.E.2d 223, 224 (1982).[3] In *Wisniewski*, a statute specifically prescribed that persons desiring to form a limited partnership shall "sign and swear to" the partnership certificate. The certificate was signed and *acknowledged* by all the partners before a notary public. We held

---

[2] § 47.1-11. *Handbook.* — The Secretary shall prepare, from time to time, a handbook for notaries public which shall contain the provisions of [Title 47.1] and such other information as the Secretary shall deem useful. Copies of the handbook shall be made available to persons seeking appointment as notaries public and to other interested persons.

[3] The Clerk also relies on an opinion by the Attorney General which states that "[subscribed and sworn to] is not a substantial compliance of the statute for the purpose of recordation." 1963-64 Va. Att'y Gen. Rep. at 257.

that because the partners failed to "swear to" the certificate it was rendered ineffective. In *Wisniewski*, we said:

> There is a marked difference between acknowledging a signature and signing a document under oath. An acknowledgment merely verifies that the person named executed the document in question. Code § 55-118.3. By swearing to a document, on the other hand, one vouches that the contents of the writing are true.

223 Va. at 143, 286 S.E.2d at 224.

■ Although *acknowledging* one's signature is not equivalent to *swearing to* a document, it does not follow that when a person subscribes and *swears to* a document he has not acknowledged his signature. A certificate of acknowledgment signifies that the person acknowledging the document stated in the presence of the notary that the document was his or her act. The person may either have already signed the document or the person may sign the document in the notary's presence. However, the "jurat" indicates that the person actually signed the document in the presence of the notary. Swearing to an instrument subsumes an acknowledgment. Thus, it logically follows that when a person signs and swears to a document he acknowledges that "he executed the instrument." Code § 55-118.3.

■ While the words "subscribed and sworn to" are not those suggested in Code § 55-113, we hold that, because it is "reasonably certain" that the grantors acknowledged the deed, there has been a substantial compliance with the statute. Accordingly, we will reverse the judgment of the trial court and grant the writ of mandamus.

*Judgment reversed*
*and writ granted.*