## CIRCUIT COURT OF FAIRFAX COUNTY

R. G. Griffith, Inc.

v.

Great Falls West Assocs.

May 15, 1991

Case No. (Chancery) 119990

BY JUDGE JACK B. STEVENS

This matter has been under advisement for the Court to consider the demurrer to the Cross-Bill of Complaint to Enforce the Mechanic's Lien by defendants Century Financial Corporation, Columbia First Properties, Columbia First Federal Savings and Loan Association, Columbia First Bank, Michael R. Santoro, Jr., C. Malcolm West, and Charles J. Maxfield. The Court has reviewed the arguments of counsel, as well as the principal cases cited in support thereof, and for the reasons that follow, overrules the demurrer on all grounds.

The defendants have demurred to the Cross-Bill on the following three grounds:

(1) Count I states no complaint against these defendants but rather states a claim for breach of contract against Great Falls West Associates and NVR Development.

(2) Count II, which seeks enforcement of a mechanic's lien, fails because there is a fatal defect in the affidavit of the complainant.

(3) Count III states no complaint against these defendants, but rather states a claim for quantum meruit against Great Falls West Associates and NVR Development.

### Counts I and III

Whether the defendants are correct or not that Counts I and III of

the Cross-Bill do not apply to them, a demurrer to these counts is not appropriate as the prayer for relief does not seek relief from these defendants for these counts. The prayer reads as follows:

> Wherefore, Superior Paving Corporation prays as follows:
>
> A. *Pursuant to Count I and III* that judgment be rendered in its favor *against Great Falls West Associates, L.P. and/or NVR Development, Inc.*, jointly and severally, in the sum of Five Thousand Nine Hundred Ninety-three and 73/100 Dollars ($5,993.73), together with interest from July 30, 1990;
>
> B. *Pursuant to Count II* that the validity and priority of its mechanic's lien be determined and upheld, that all parties in interest be joined in the suit, that the properties be sold to satisfy the liens and that the liens be satisfied from the proceeds of the sale.

Cross-Bill of Superior Paving Corporation, page 7, paragraph 34 (emphasis added).

Accordingly, the demurrer to Counts I and III of the Cross-Bill is denied.

### Count II - Affidavit

The defendants argue that the affidavit supporting the memorandum of mechanic's lien is fatally defective because it incorrectly lists Traxcon Corporation as the claimant, rather than Superior Paving Company. In support of this position, the defendants cite *Clement v. Adams Bros.-Paynes Co.*, 113 Va. 547, 75 S.E. 294 (1912), a case holding an affidavit fatally defective because it was signed by the President of the claimant corporation in his presidential capacity but did not expressly state that he was the agent for the corporation. In other words, a failure to aver agency in the affidavit rendered the mechanic's lien void.

The Court is unconvinced by the defendant's argument for two reasons. First, Virginia's well established policy is to disregard obvious technical errors in notary certificates. Second, subsequent to *Clement*, the Court has indicated a willingness to accept substantial compliance with the verification requirement in certain situations.

It is a well settled policy in Virginia to look with great leniency on certificates of acknowledgment, to uphold them if possible, and to

disregard obvious technical errors in such acknowledgments. *Cumbee v. Myers*, 232 Va. 371, 350 S.E.2d 633 (1986); *Blair v. Rorer's Adm'r*, 153 Va. 1, 149 S.E. 528 (1923). In the case at bar, the defendant seeks to invalidate a mechanic's lien because of a typographical error in the certificate of notary. According to *Cumbee* and *Blair*, this harsh result is inappropriate.

In *Diebold v. Tatterson*, 115 Va. 766, 80 S.E. 585 (1914), an account in a mechanic's lien case was signed by a John Diebold, the president of the complainant corporation in his capacity as president and agent. The signature and disclosure of presidency and agency was immediately followed by a certificate of notary stating that John Diebold had appeared and made oath that the matters in the account were true and correct. The certificate of notary did not disclose that John Diebold was the president and agent for the complainant corporation. Nevertheless, the court upheld the affidavit. Distinguishing its facts from *Clement* and other cases indicating a different result, the Court explained:

> Those decisions must be interpreted in the light of the facts upon which they were based. In none of them is there anything in the contract to which the court could look in aid of the affidavit. There was nothing either by way of averment or proof to throw light upon the situation, and the court was held down to the terms of the affidavit itself to ascertain its true intent in meaning . . . .

115 Va. at 771.

In *Diebold*, there was something more to look at in aid of the affidavit. The Court explained that since the affidavit immediately followed the account, the two should naturally be read together. In reading the two together, the Court held that it was clear that John Diebold was the president and agent for the claimant, and that substantial compliance with the verification requirement had been met. Supporting their holding that substantial compliance is sufficient, the Court stated:

> Even in the instance of laws admitted to be harsh in their application, the court only requires a substantial and not a literal or verbal compliance with the statute.

115 Va. at 771.

In the case at bar, the Memorandum of Mechanic's Lien, and the verification (certificate of notary) are part of the same document, the

certificate beginning on the same piece of paper as the memorandum. The Memorandum clearly identifies Superior Paving Corporation as the Claimant. The Memorandum is signed:

> CLAIMANT: SUPERIOR PAVING CORPORATION
> By: *Stephen J. Annino*
> Its *Attorney* and Authorized Agent

Immediately following, and on the same page as the memorandum, the certificate of notary incorrectly identifies Stephen J. Annino as the attorney and agent for the claimant, Traxcon Corporation. According to *Diebold*, the Court may look to the memorandum in aid of the affidavit. The Court finds that, in reading the document as a whole, it was clear that the claimant was Superior Paving Corporation, and that substantial compliance with the verification requirement has been met. Accordingly, the demurrer to Count II is overruled.