## CIRCUIT COURT OF FAIRFAX COUNTY

Valley Blox, Inc.

    v.

Linpro Chantilly Land
Limited Partnership et al.

June 3, 1991

Case No. (Chancery) 117877

By JUDGE JACK B. STEVENS

This matter has been under advisement by the Court to consider defendant NOVAC, Inc.'s Demurrer to the Alias Bill of Complaint. The Court has considered the arguments of counsel, as well as the cases cited by both sides, and, for the reasons that follow, hereby overrules the Demurrer.

The complainant, Valley Blox, claims to have provided materials for the installation of sanitary and storm drainage site utilities on lots 1 through 5 of the Dulles International Business Center during the period of October 1, 1989, through December 31, 1989. On March 26, 1990, at 8:33 a.m., Valley Blox filed a Disclosure Statement and Memorandum of Mechanic's Lien for lots 1, 3, 4, and 5, which were recorded in the Fairfax County land records. The Circuit Clerk's instrument number stamped on the documents indicates that although both documents were time stamped at 8:33, the Memorandum was stamped and recorded before the Disclosure Statement. NOVAC has demurred to the Alias Bill of Complaint and asserts that the lien is invalid because it fails to comply with § 43-3(b), Code of Virginia (1950), as amended.

In pertinent part, § 43-3(b) reads as follows:

[N]o such lien shall be valid as to any lot or condominium unit unless the person providing such labor or materials shall, *prior to the sale of such lot or condominium unit*, file with the clerk of the circuit court of the jurisdiction in which such land lies a *document setting forth a full disclosure* of the nature of the lien to be claimed, the amount claimed against each lot or condominium unit and a description of the development or condominium and shall *thereafter comply with all other applicable provisions of this chapter.*

Section 43-3(b), Code of Virginia (1950), as amended (emphasis added).

NOVAC's argument is that the language, "and shall thereafter comply with all other applicable provisions of this chapter," indicates that the Disclosure Statement must be filed before the Memorandum of Mechanic's Lien to be in compliance with the statute, and because it was not filed first in this case, Valley Blox's lien is invalid. The Court disagrees.

Section 43-4(b) was enacted to allow persons providing labor or material for the installation of streets, sewers, or water lines to a development or condominium units to perfect a lien on the individual lots benefited by the work. The statute is unique because it provides for an extraterritorial lien; a lien on property not actually worked on. Because lenders, purchasers, and other innocent third parties may be unaware of work done on distant portions of a development, the statute has been carefully conditioned to give record notice to these parties and to prevent "floating liens" not recorded in the chain of title of the individual lots. *See Rosser v. Cole*, 237 Va. 572, 578 (1989).

The goal of ensuring record notice and preventing "floating liens" is satisfied by the statute's requirement that the Disclosure Statement be filed prior to the *sale* of the individual lot or condominium unit. Filing the Disclosure Statement prior to the Memorandum does not facilitate this goal. The Court is mindful of the general rule that mechanic's liens, being in derogation of the common law, should be strictly construed. *Clement v. Adams*

*Bros.-Paynes Co.*, 113 Va. 547, 552 (1912). However, the Court will not extend that rule to invalidate a lien filed in a manner which satisfies the goals of the statute and for which there is record notice because one document was stamped *seconds* before another in the Clerk's office. Accordingly, the Demurrer to the Alias Bill of Complaint is overruled.