## CIRCUIT COURT OF LOUDOUN COUNTY

Night Owl Security, Inc.

v.

Westchester Homes
of Virginia, Inc., et al.

October 7, 1992

Case No. (Chancery) 13816

BY JUDGE THOMAS D. HORNE

This case is before the Court on the demurrer to the Bill to Enforce a Mechanic's Lien. In the instant case, defendants contend that the memorandum of lien is invalid by reason of its failure to show that the affiant was an agent of the corporate claimant. The memorandum of lien recites that the claimant is Night Owl Security, Inc. It is signed "Night Owl Security, Inc./ by: Louise Clark."

Nowhere in the memorandum, including the jurat, is Louise Clark identified as an agent of the corporation or as an individual having the capacity to execute the affidavit on behalf of the corporation. § 49–7 Code of Virginia, as amended.

Defendants rely, in part, on the case of *Clement v. Adams Bros.- Paynes Co.*, 113 Va. 547 (1912). *See also, John Diebold & Sons Stone Co. v. Tatterson*, 115 Va. 766 (1914). The Court finds that holding in *Clement* is controlling in the instant case. As the Court observed in *Clement*, "this Court has repeatedly held that if the affiant bore the relation of agent to the plaintiff, the fact must be averred in the affidavit." 113 Va. at 550.

Furthermore, the remedial provisions of § 43–15, Code of Virginia, are inapplicable to the omission in this case. See discussion, *Clement*, p. 553.

While this case is distinguishable from *Production Services Corp. v. Vasquez*, 16 Va. Cir. 371 (1989), the decision herein is supported by Judge Kenny's reference to the absence of any indication in the memorandum of lien that the affiant was acting in a representative

capacity. *Production Services*, at 372. Furthermore, the Court believes the holding in *R. G. Griffith, Inc. v. Great Falls West Associates*, 26 Va. Cir. 22 (1991), is distinguishable from the instant case. In *Griffith* as in *Diebold*, the agency's relationship with the affiant could be determined from the four corners of the memorandum of lien and accompanying jurat. In each case, the Court upheld the lien filing by reading the memorandum and material together and harmonizing one with another. In the instant case, no such agency relationship can be so determined . . . .

Mr. Goodman may draw a Final Decree sustaining the Demurrer and dismissing the Bill, to which Mr. Holleran may note his exception.