## CIRCUIT COURT OF LOUDOUN COUNTY

Northern Virginia Drywall, Inc.

v.

Raymond F. Lower et al.

November 22, 1993

Case No. (Chancery) 15322

BY JUDGE THOMAS D. HORNE

The Defendants challenge by way of demurrer the legal sufficiency of the instant bill to enforce a mechanic's lien against their property. For the reasons hereinafter stated, the Court will overrule the demurrer.

Defendants assert three grounds for their demurrer. In the first of these, it is suggested that Complainants have failed to join all necessary parties. § 43–22, Code of Virginia, as amended. The Court cannot determine from the face of the bill that all necessary parties have not been joined by the Complainant. Accordingly, the demurrer is *overruled* as to such ground with leave for the Defendants to raise a lack of parties at a later time, should they be so advised. *See generally*, 7A M.J., *Equity*, § 52.

Defendants next assert that the bill is deficient in that it fails to include an affidavit verifying an itemized statement of Plaintiff's account. Lastly, they contend that the Court is without jurisdiction to consider this cause as the lien has not been property perfected. The gravamen of the Defendants' assertion in both cases is a lack of verification as required by statute.

The president of the complainant corporation verified the original memorandum of lien. He signed the affidavit as president; however, he did not state that he did so as agent of the claimant. §§ 43–4, 43–7, Code of Virginia. He later executed the affidavit in support of the account, which was filed with the instant Bill of Complaint.

Defendants rely upon the holding of the Court in *Clement v. Adams Bros.-Paynes Co.*, 113 Va. 547 (1912), in support of their demurrer. The holding in *Clement*, if still applicable, would mandate the Court's sustaining of the demurrer. In *Clement*, the Court concluded that:

> in the light of the authorities cited, we are of the opinion that the verification of the account by the affidavit of the "claimant or his agent" is one of the essential requirements of the statute in perfecting a mechanic's lien; that the president is not, by virtue of his office, the agent of his corporation to make such an affidavit; and that unless the affidavit, when made by the president, avers that he is in fact the agent of the corporation for that purpose, the lien is not perfected, and, therefore, does not exist. There being no lien, a court of equity is without jurisdiction to afford relief, and the bill must be dismissed. *Id.* at 553.

The clear purport of the authorities relied upon by the Court in *Clement* was that:

> the office [of president] itself, however, confers no power to bind the corporation or control its property. *Id.* at 549 [citations omitted].

However, the enactment by the General Assembly of what is now § 49–7 of the Code of Virginia has served to change the common law rule and, in the process, the effect of *Clement* on this case. It is now expressly provided by statute that an affidavit:

> filed for a corporation or other entity may be made by its president . . . without any special authorization therefore . . . .

Thus, the failure to identify the agency of the president in executing the affidavit in support of the memorandum of lien or the later statement of account are not fatal to the pursuit of this cause. Furthermore, any failure of the Complainant to properly verify the account which was filed with the Bill, including the incorporation of the description of the work done or materials furnished in the attached "Proposal," was waived by Defendants' failure to object within the time permitted by the Rules of Court. Rule 1:10, Rules of the Supreme Court of Virginia. *Herbert Bros. v. McCarthy Co.*, 220 Va. 907 (1980).