## CIRCUIT COURT OF KING GEORGE COUNTY

Ronald W. Self,
t/a Ronald Self Construction

v.

James H. Jenkins
and Gail R. Jenkins

June 22, 1994

Case No. (Chancery) 94-12

BY JUDGE JAMES W. HALEY, JR.

Defendant owner has demurred on several grounds to a Bill to Enforce a Mechanic's Lien filed by a general contractor. Finding the following ground dispositive, the court need not address others.

> The steps a mechanic must take to perfect a lien are set forth in Code § 43-4; the lien claimant must file a memorandum "showing . . . the amount . . . of his claim, *and the time or times when the same is or will be due and payable . . .*" (Emphasis supplied.)

*Woodington Electric v. Lincoln Savings*, 238 Va. 623, 630, 385 S.E.2d 872, 875 (1989).

Mechanics' liens did not exist at common law and accordingly "the statutes relating to the existence and perfection of a mechanic's lien are strictly construed. *Clement v. Adams Bros.-Payne Co.*, 113 Va. 547, 552, 75 S.E. 294, 296 (1912)." *Rosser v. Cole*, 237 Va. 572, 576, 379 S.E.2d 323, 325 (1989). See also, *American Standard Homes Corp. v. Reinecke*, 245 Va. 113, 119, 425 S.E.2d 515, 518 (1993).

In the instant case, lienor failed to include in his recorded memorandum any reference to a due and payable date, as is required by Code § 43-4, and as expounded as to form in Code § 43-5, even though the verification

executed by claimant included the phrase that the claim "is payable as" set forth in the memorandum.[1]

In *Wallace v. Brumback*, 177 Va. 36, 40, 12 S.E.2d 801, 802 (1941), the court stated that "unless [a mechanic's lien] is perfected . . . in the proper manner, as outlined in the statute, it is lost." Likewise, "[a]ll the statutory provisions for mechanic's liens are indispensable, and the omission of any one of them is fatal." *Coleman v. Pearman*, 159 Va. 72, 80, 165 S.E. 371, 373 (1932).

Accordingly, the demurrer is sustained and the Bill to Enforce a Mechanic's Lien is dismissed.

---

[1] Claimant recorded an "augmented memorandum" which did not cure this defect.