52

# CIRCUIT COURT OF THE CITY OF NORFOLK

Vernon Almond

v.

Louise Williams et al.

October 3, 1997

Case No. (Chancery) C95-1050

By Judge Marc Jacobson

In the instant case, Almond Construction Company, filed a Memorandum for Mechanic's Lien Claim by General Contractor (Memorandum) and the Memorandum was signed "Almond Construction Company/By: V. K. Almond Jr." The acknowledgment to the Memorandum certifies that "*V. K. Almond*, this day made oath before me in my City aforesaid that *Almond Construction Company* is justly indebted to the claimant in the sum of Twelve Thousand Five Hundred Fifteen and 75/100 ($12,515.75) Dollars ...."

The Memorandum does not comport with the requirements of Virginia Code § 43-4, which reads in part as follows:

> The memorandum [of the lien] shall show the names of the owner of the property sought to be charged, and of the claimant of the lien, the amount and consideration of the claim, and the time or times when the same is or will be due and payable, *verified by the oath of the claimant, or his agent*, including a statement declaring his intention to claim the benefit of the lien, and giving a brief description of the property on which he claims a lien.

[Emphasis added.]

Neither the Memorandum nor the acknowledgement to the Memorandum indicates the capacity of "V. K. Almond." It should be noted that the Memorandum itself is signed by "V. K. Almond Jr." It should also be noted

that the Bill of Complaint names "Vernon K. Almond, trading as Almond Construction Company" as the complainant and is signed by "Vernon K. Almond."

It has long been the law in Virginia that when an agent signs an affidavit verifying a mechanic's lien, the agent must aver that he is in fact an agent of the principal for which he signs. *Clement v. Adams Bros.-Paynes Co.*, 113 Va. 547, 553, 75 S.E. 294, 296 (1912). A failure to expressly indicate the capacity in which the affiant signs will render the lien unperfected. *Id.* In this case, the defendant did not indicate that he was an "agent" of the company, nor did he even indicate the title and position he held within the company. In fact, it is not known if "V. K. Almond Jr." who signed the Memorandum is one and the same person as the "V. K. Almond" referred to in the acknowledgment in the Memorandum or is one and the same person as the "Vernon K. Almond" who signed the Bill of Complaint.

"Mechanic's liens are wholly statutory in nature and the existence of the lien, 'as well as the jurisdiction to enforce it, rest upon compliance with the statute and not upon equitable principles'." *Isle of Wight Materials Co. v. Cowling Bros., Inc.*, 246 Va. 103, 105, 431 S.E.2d 42, 43 (1993) (citing *Wallace v. Brumback*, 177 Va. 36, 40, 12 S.E.2d 801, 802 (1941)). "Being in derogation of the common law, the statutes relating to the existence and perfection of a mechanic's lien are strictly construed." *Rosser v. Cole*, 237 Va. 572, 576 (1989) (citing *Clement*, 113 Va. at 547, 75 S.E. at 296).

As the Memorandum did not reflect nor indicate the status or agency of "V. K. Almond" nor indicate that, in fact, he was an agent of or for Almond Construction Company (the acknowledgment in the Memorandum indicates that Almond Construction Company is the debtor), the Memorandum is defective. Accordingly, the Demurrer of the Defendants Norfolk Redevelopment and Housing Authority and Francis N. Crenshaw, Trustee, and Howard W. Martin, Jr., Trustee, to the Bill of Complaint is sustained, and the Bill of Complaint is dismissed.