## CIRCUIT COURT OF FAIRFAX COUNTY

Artitech, Inc.

v.

Kaled Naser et al.

February 19, 2008

Case No. CL07-5431

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before me on the demurrer of Defendant James DeBoer, Trustee, and the demurrer of Defendants Kaled Naser and Tamara Shukri. Upon argument of counsel, I took the demurrers under advisement.

The demurrers are sustained on the grounds that the memorandum of mechanic's lien at issue fails to comply with the requirements of §§ 43-4 and 43-5 of the Code of Virginia as to the affidavit that must accompany the lien. No inaccuracy in a lien memorandum or in the description of the property to be covered by the lien invalidates the lien if the property at issue can reasonably be identified and the memorandum conforms substantially to certain statutory requirements. Va. Code § 43-15 (2002 Repl. Vol.). However, the memorandum here fails to substantially conform. The memorandum is required to be "verified by the oath of the claimant, or his agent." Va. Code § 43-4 (2002 Repl. Vol.). Here the claimant, a corporation,[1] is also listed as the agent. The affidavit wholly fails to identify the capacity of the person executing the document on behalf of the complainant or the agent, or that such

---

[1] Both the memorandum and the affidavit list the claimant as "Artitech, Inc., Ardeshir Sahebi." The affidavit lists the agent as Artitech, Inc. Counsel for the plaintiff acknowledges that the claimant is really Artitech, Inc., a corporation.

person is indeed an agent for the complainant. *See Clement v. Adams Bros.-Paynes Co.*, 113 Va. 547, 75 S.E. 294 (1912). As the claimant is a corporation, its oath must be verified by its agent. There is no indication that the person making the oath possesses any such authority. No corporate title or position of the affiant is noted. Such deficiencies are not remedied, nor is the memorandum saved, by § 43-15 of the Va. Code.

Plaintiff filed an Amended Statement of Account and Affidavit with this Court on November 30, 2007. That filing cannot timely replace an affidavit accompanying a memorandum of lien filed over a year before.

The remaining grounds of the demurrers are overruled.

For the above reasons, the demurrers are sustained. As enforcement of the memorandum of mechanic's lien is the only count of the complaint, the complaint is dismissed with prejudice.