# Richmond.

THE HASKIN WOOD VULCANIZING COMPANY AND OTHERS v. THE CLEVELAND SHIP-BUILDING COMPANY.

Absent: BUCHANAN, J.

March 25, 1897.

1. CHANCERY PLEADING—*Multifariousness.*—A bill is not multifarious which presents a case where the matters of litigation can be properly embraced in one suit, and the rights of all parties be conveniently settled, and the defendants suffer no prejudice.

2. CORPORATIONS—*Preference to prior existing debt.*—In the case at bar the deed of trust made by the appellant corporation was made to secure a debt existing prior to the date of making said deed, and, under the terms of section 1149 of the Code, it inures to the benefit of all creditors of said corporation existing at its date.

3. FIXTURES—*Case at bar—Mechanics' lien.*—Where machinery is permanent in its character and essential to the purposes for which the building is occupied, it must be regarded as reality, and passes with the building. Whatever is essential to the purposes for which a building is used will be considered a part thereof, although the connection between them is such that it may be severed without physical or lasting injury to either. In the case at bar the machinery is part of the reality, and the appellee has completed its work thereon according to contract, and has also perfected and recorded its mechanics' lien within the time prescribed by law, and is now entitled to the benefits thereof.

4. CHANCERY PRACTICE—*Mechanics' lien—Decree for sale.*—The decree for sale in the case at bar gave the appellee a preferred lien only on that portion of the property to which its mechanics' lien rightly attached, and a lien, together with other creditors, on the property conveyed by the deed of trust of July 31, 1893. It is to be presumed that all the creditors desired a sale, as the record does not show anything to the contrary. Under the circumstances it was proper to sell the property in two parcels.

Appeal from three decrees of the Corporation Court of the city of Alexandria, pronounced June 22, 1894, November 26, 1895, and February 20, 1896, in a suit in chancery wherein the appellee was the complainant, and the appellants were the defendants.

*Affirmed.*

The bill in this case is in the following words and figures:

"*To the Honorable J. K. M. Norton,*
"*Judge of the Corporation Court of the City of Alexandria:*

"Humbly complaining, your orator, the Cleveland Shipbuilding Company, a corporation incorporated and organized under the laws of the State of Ohio, who sues for itself and all other creditors of the Haskin Wood Vulcanizing Company, of Washington, D. C., respectfully shows unto your Honor:

"That the Haskin Wood Vulcanizing Company, of Washington, D. C., is a corporation incorporated and organized under the laws of the State of Virginia, with its principal office located in the city of Alexandria, Va.; that the Haskin Wood Vulcanizing Company, of Washington, D. C., is insolvent, and unable to discharge its liabilities; that it is seized and possessed of real estate and appurtenances thereto, with buildings, improvements, and fixtures thereon, and a large and extensive plant completed on the same, situated in the city of Alexandria, Virginia; that your orator contracted with the said company to furnish and did furnish to it materials and work and labor for and about the erection and construction of the said buildings, improvements, and fixtures, on said plant, to the extent of thirty-seven thousand, seven hundred and twenty-four dollars and one cent, and that said work and labor was done, and materials furnished as aforesaid, were completed on June 30, 1893; that your orator was paid by the said company prior to that date on account of its claim under the said contract, the sum of seventeen thousand dollars, leav-

ing due to your orator as of June the 30th, 1893, the sum of twenty thousand, seven hundred and twenty-four dollars and one cent, on which amount interest is claimed from that date; that on the 28th day of July, 1893, your orator filed in the clerk's office of the Corporation Court of the city of Alexandria, an account and claim of lien, showing the amount and character of the work done and materials furnished, the prices charged therefor, the payment made, and the balance due, verified by its agent, with a statement thereto attached, declaring its intention to claim the benefit of the lien given by section 2475 of the Code, on the property described therein, and on which it claims the lien. A copy of said account and claim of lien, marked Complainant's Exhibit, 'A,' is herewith filed to be read as a part of this bill.

"That your orator has a lien on the property described in the said account and claim of lien for the said sum of twenty thousand seven hundred and twenty-four dollars and one cent, with interest thereon from June 30, 1893, until paid, since July 28, 1893.

"Your orator further shows unto your Honor that the said Haskin Wood Vulcanizing Company of Washington, D. C., on April 1, 1893, executed and delivered a deed conveying the property mentioned therein, and which is the same property mentioned in the said account and claim of lien to William L. Clarke and Nathaniel Wilson, of Washington, D. C., in trust to secure the payment to the bearer or bearers of one hundred coupon bonds, each for five hundred dollars, executed by the said Haskin Wood Vulcanizing Company, of Washington, D. C., which said deed was duly recorded on April 12, 1893, in the said clerk's office. A copy of said deed, marked Complainant's Exhibit 'B,' is herewith filed to be read as a part of this bill.

"Your orator has been informed and believes that all of said bonds have been negotiated by the said company, but the legal holders of them are unknown to your orator.

"Your orator further shows unto your Honor that the said Haskin Wood Vulcanizing Company of Washington, D. C., on July 31, 1893, executed and delivered another deed conveying all of its property in the city of Alexandria, Virginia, in trust to secure the payment of a certain promissory note, dated May 29, 1893, made by the said company, for the sum of five thousand dollars, payable ninety days after its date, and endorsed by Theodore L. Holbrook, Levi Woodbury, Clarence F. Norment, E. L. White, and said Nathaniel Wilson and W. L. Clarke, and on which the said company has borrowed money, and also to secure the payment of any other note or notes to be made by the said company not to exceed fifty thousand dollars, and endorsed by the said Holbrook, Woodbury, Clarke, Norment, and White, and said deed was duly recorded on August 1, 1893. A copy of said deed, marked Complainant's Exhibit 'C,' is herewith filed to be read as a part of this bill.

"Your orator has been informed and believes that only the one note for five thousand dollars has been made and negotiated by the said company.

"Your orator charges that the deed of trust dated July 31, 1893, is a lien that inures to the benefit ratably of all creditors of the company existing at the time such lien was created under sec. 1149, Code 1887.

"Your orator is advised and charges that the deed aforesaid, dated April 1, 1893, executed by the said Haskin Wood Vulcanizing Company, of Washinton, D. C., to secure its coupon bonds aforesaid, is null and void, and consequently no lien upon the property mentioned therein.

"Your orator further shows that the Haskin Wood Vulcanizing Company, of Washington, D. C., has not yet completed its works, and that it will require a large amount—to-wit: the sum of about twenty-five thousand dollars, to do so, and that it is now without resources to enable it to raise money to com-

plete the same; and, until the works are completed, it cannot begin operations in business.

"That all the defendants except the Haskin Wood Vulcanizing Company, of Washington, D. C., are non-residents of the State of Virginia.

"In consideration of the premises, and to the end therefore the said Haskin Wood Vulcanizing Company, of Washington, D. C., W. L. Clarke, and Nathaniel Wilson, trustees as aforesaid, Theodore L. Holbrook, Levi Woodbury, Clarence F. Norment, E. L. White, and the said William L. Clarke and Nathaniel Wilson may be made parties defendant to this bill and be required to answer the same, an oath to the answer not being required; that the property described in the account and claim of lien aforesaid may be subject by decree of the court to the payment of your orator's claim of twenty thousand, seven hundred and twenty four dollars and one cent, with interest from June 30, 1893; that the deed dated April 1, 1893, aforesaid, may be declared null and void; that the said Haskins Wood Vulcanizing Company, of Washington, D. C., may disclose and say how many notes have been made and negotiated by it, and secured by the deed dated July 31, 1893, aforesaid, and further disclose and say what are its assets, their character and description, with the estimated value of its real estate, what are its liabilities due and not due, secured and unsecured, and their character and description, and also the estimated amount that will be necessary to complete its works; that the said Haskin Wood Vulcanizing Company, of Washington, D. C., may be declared to be insolvent, and that a decree may be pronounced dissolving the said corporation; that if necessary in the progress of this suit, a receiver may be appointed for its property, and an injunction may be awarded, enjoining and restraining said company, its officers and agents, from disposing of, making away with, interfering with, and converting its assets and property; that the affairs of said company may be wound up and settled un-

der the orders of this court; that this cause may be referred
to a commissioner in chancery, to ascertain and report upon
the matters and things stated in this bill; that an account of
the real estate and personal property of the said company, the
liens upon the said real estate, their respective amounts and
priorities, and all debts now due and owing and to become due
and owing, may be taken by him and returned to the court,
and that your orator may have such further or other relief as
the nature of its case may require.

"And your orator will ever pray, &c."

(Sworn to.)

The defendants demurred to the bill, pleaded the statute of
limitations—six months—and answered, denying nearly all
the material allegations of the bill.    The note for $5,000, se-
cured by the deed of trust of July 31, 1893, was paid off
April 2, 1894, about three months after the bill was filed.
The evidence, so far as necessary to a clear understanding of
the opinion of the court, appears in the opinion.

*James R. Caton* and *Francis L. Smith*, for the appellants.

*M. H. Salloway* and *John M. Johnson*, for the appellee.

HARRISON, J., delivered the opinion of the court.

The court is of opinion that the bill in this case is not mul-
tifarious, and the demurrer thereto was properly overruled.
There is no valid objection to the form of the bill, or its
scope.    It was proper that the matters of litigation embraced
by it should be settled in one suit.    The rights of the appel-
lant could suffer no prejudice therefrom, and the convenience
of all parties was secured thereby.    *Bristol Iron & Steel Co.*
v. *Thomas*, 93 Va. 25.

The court is further of opinion that, under sec. 1149 of the
Code, the trust deed of July 31, 1893, inures to the benefit
of all the creditors of appellant existing at its date.    The lan-

guage of the statute is, "If any such company create any lien
or encumbrance on its works or property for the purpose of
giving a preference to one or more creditors of the company
over any other creditor or creditors, except to secure a debt
contracted, or money borrowed at the time of the creation of
the lien or encumbrance, the same shall inure to the benefit,
ratably, of all the creditors of the company existing at the
time such lien or encumbrance was created."

The deed in question shows on its face that it was given to
secure a note executed on the 29th of May, 1893, for money
borrowed by the appellant on that day. The deed being
given to secure a debt existing prior to the date of the crea-
tion of the lien or encumbrance comes plainly within the terms
of the statute, and inures to the benefit of all the creditors
existing at its date.

The court is further of opinion that the contract entered
into between appellant and appellee, whereby the latter was
to furnish the former certain machinery for its wood vulcan-
izing works, was substantially and in good faith completed
and performed by appellee. The minor deficiencies, as to
which it does not clearly appear whether the appellee or ap-
pellant was responsible, have been fully compensated for by
an allowance for that purpose made by the commissioner in
his report. The great mass of evidence on this subject has
been carefully read and considered. It would, however, be
wholly without profit to attempt to review it within the limits
of an opinion. The contention of appellant that the work was
not completed according to contract rests chiefly upon the
grounds, first, that the person named in the written contract
as the one to approve and accept the work did not perform
that duty; and, second, that the machinery was not equal
to the working pressure provided for in the contract.

It is true that the person named in the contract as the one
to finally approve the work before it was accepted and paid
for, did not make the necessary test and perform that duty,

for the reason, however, that he was absent in Europe, and his services could not be secured when needed. It satisfactorily appears, however, that the duty of finally testing the machinery and approving the work of appellee was performed by a thoroughly competent expert selected by the appellant, and that it was well understood by all parties that he was acting in the place of the expert named in the contract, whose services, so far as the record shows, could not be had at all.

The second objection that the machinery was not equal to the pressure provided for in the contract rests upon the ground that the machinery would not bear a pressure equal to that required by the Government in the manufacture of marine boilers for purposes of navigation. The contract does not provide that the Government rule should be adopted in the manufacture of these boilers, and the specifications as to size, thickness of steel, &c., called for by the contract, does not admit of the application of that rule. The evidence shows that the Government rule is adopted in the construction of boilers for purposes of navigation out of superabundant caution, on account of the constant and excessive steam they have to carry, but that the rule is not regarded in the construction of boilers for land or manufacturing purposes. The evidence shows that these boilers are capable of bearing a working pressure as great as that contemplated by the contract, and as great as the dimensions and other specifications contracted for would with safety admit of; that they were built of the very best material, and are superior to the boilers of the Haskin Vulcanizing Company, of New York, which the contract provided they should be similar to, and that they are equal to a test and working pressure far greater than is required for boilers in a wood vulcanizing manufactory, and are, in all respects, a substantial compliance with the contract.

The court is further of opinion that appellee perfected and recorded its mechanics' lien within the time prescribed by

law, and that, under sec. 2475 of the Code, appellee had the right to take out the lien, and is now entitled to its benefits.

The contention that the work done and machinery furnished by appellee is not permanently annexed to the freehold, and does not constitute part thereof, is not tenable. Appellant was erecting works for vulcanizing wood; the machinery furnished by appellee consisted in part of four enormous steel tanks, one hundred and five feet long, and six and a half feet in diameter, the doors of each weighing seven and a half tons, and the whole of such enormous weight that they had to be shipped in parcels and put together on the premises of the appellant. This machinery practically constituted the vulcanizing works. No building was there until these enormous structures had been put together and placed in position on heavy, solid foundations of concrete and brick. The buildings were then erected around this machinery, the whole constituting one structure for the purpose of vulcanizing wood.

The true rule for determining when the machinery and apparatus of a manufactory forms a part of the realty is: That where the machinery is permanent in its character, and essential to the purposes for which the building is occupied, it must be regarded as realty, and passes with the building; and that whatever is essential to the purposes for which the building is used will be considered as a part thereof, although the connection between them is such that it may be severed without physical or lasting injury to either. *Green* v. *Phillips*, 26 Gratt. 752; *Shelton* v. *Ficklin*, 32 Gratt. 727; *Morotock Ins. Co.* v. *Rodefer*, 92 Va. 747. Applying this rule to the case at bar, it is clear that the machinery furnished by appellee constitutes part of the realty, and forms the most important part of the structure in question.

The court is further of opinion that there is no valid objection to the decree of sale. Its effect is not, as contended, to give appellee a preferred lien upon all the property of appellant, but only upon that portion of it to which the mechanics'

lien rightfully attached, and a lien, together with other cred-itors, upon the property conveyed in the deed of trust of July 31, 1893. It being a general creditors suit, in which about one hundred thousand dollars of liens had been audited, it is to be presumed, nothing appearing to the contrary, that all the creditors desired a sale, and not, as contended, that the sale was ordered for the satisfaction of appellee's debt alone. It was also proper to sell the property in two parcels, that upon which appellee's preferred mechanics' lien rested in one parcel, and that covered by the deed of July 31, 1893, in another parcel.

Upon a careful consideration of the whole case, we find no error to the prejudice of appellant, and the decree appealed from is therefore affirmed.

*Affirmed.*