# 'ARLINGTON BREWING CO. *v.* WYVILL.

JUDGMENT LIENS; EXECUTION; EQUITY.

1. A judgment lien against the personal property of the judgment debtor in the District exists from the time of the delivery of a fi. fa. to the marshal, D. C. Code, sec. 1079 (31 Stat. at L. 1359, chap. 854); and the judgment creditor thereupon is entitled to intervene in a suit in equity to subject equitable interests of the debtor to the satisfaction of judgments against him.

2. A judgment creditor who, in a bill to subject the equitable estate of the judgment debtor to the satisfaction of a judgment, asserts only his own right, acquires an equitable lien as of the date of the filing of his bill and the issuance of process thereon (following *Gottschalk* v. *Live Oak Distillery Co.* 7 App. D. C. 169; *Fulton* v. *Fletcher,* 12 App. D. C. 1; *Babbington* v. *Washington Brewery Co.* 13 App. D. C. 527; *May* v. *Bryan,* 17 App. D. C. 392; *Ohio Nat. Bank* v. *Berlin,* 26 App. D. C. 218); but if he files his bill not only in his own behalf, but also in behalf of such other judgment creditors as may intervene and share in the costs, he gains no priority over such other judgment creditors who may intervene (distinguishing *Ohio Nat. Bank* v. *Berlin, supra*).

No. 2151.    Submitted October 18, 1910.    Decided November 1, 1910.

HEARING on an appeal by certain interveners in an equity suit from a decree of the Supreme Court of the District of Columbia affirming a report of the auditor distributing assets in the hands of receivers.                              *Reversed.*

The COURT in the opinion stated the facts as follows:

The original bill in this case was filed by the appellee, Edward H. Wyvill, as a judgment creditor of the appellee Patrick E. Daly, seeking an equitable lien against certain property that could not be reached by execution on the judgment.

The bill alleged in substance, among other things, that Daly had no property, real or personal, subject to execution at law, but was the owner of an equitable interest in certain barroom fixtures, liquors, and other personal property contained in a restaurant and retail liquor establishment in the city of Washington; that he held a liquor license, by authority of which he conducted said business; and that he was the owner of an unexpired lease on the premises where the business was conducted. Daly was sued in his own right; Alexander H. Bell, Clarence Walmsley, and Frank P. Madigan were sued as trustees under two certain deeds of trust, and Philip Schwartz and the appellants George J. Records and Harry P. Goldsborough were sued as beneficiaries under the said deeds of trust. One of the trusts was subsequently released as to this property, and the other was properly ordered satisfied out of the proceeds before any distribution should be made to the judgment creditors. Further consideration of the deeds of trust may be dismissed.

Wyvill in his bill avers, among other things, that he "brings this suit in his own right as a judgment creditor of the defendant Patrick E. Daly, and on behalf of such other judgment creditors of said defendant Daly as may properly intervene and become parties hereto," and prays for the appointment of a receiver "to take possession of said goods, chattels, license, and lease, with authority to demand of the defendant Daly the delivery to said receiver or receivers of the license or certificate mentioned herein and the lease for said premises." The appellees Hambro Distilling & Distributing Company, Chr. Heurich Brewing Company, Meyer, Pitts, & Company, Daniel Loughren, Grabfelder & Company, and the appellants Arlington Brewing Company, Wilson Catherwood, and Magnus Brown, copartners trading under the name of H. & H. W. Catherwood, and Alfred E. Norris & Company were intervening judgment creditors. The remaining appellants were interveners. This appeal is taken from a decree entered in the court below confirming the action of the auditor in distrib-

uting the assets in the hands of the court between the respective creditors.

It appears that after the satisfaction and payment of the trust in full, and the payment of costs and attorneys' fees, there remained to be distributed, in the hands of the court, the sum of $2,024.16. The auditor in making the distribution satisfied first the claim of appellee Wyvill, who filed the original creditors' bill, and exhausted the balance of the fund in the satisfaction of the remaining claims in full in the order in which the petitions of intervention were filed. The finding of the auditor on this point is as follows: "Upon the answer of the defendant, the court on the 3d day of September, 1908, appointed a receiver, directed the defendant Daly to deliver possession of the business, chattels, property, and franchise to the receiver, which was done. On the 18th of September, 1908, the Hambro Distilling & Distributing Company filed a petition setting forth the recovery by that company of a judgment at law in this court against the defendant Daly, and prayed leave to intervene as such judgment creditor, and that the said judgment be allowed to participate in distribution of the funds in the receiver's hands. This was the first of twenty-six intervening petitions filed in this cause, setting forth judgments and claims against the defendant Daly, and praying that the fund in the receiver's hands should be applied in payment of such claims. At a general hearing under the order of reference, most of the claims being represented by counsel present, it appeared that the judgments upon which the intervening petitions were filed were not all judgments of the supreme court of the District, but included judgments of justices of the peace and of the municipal court. It also appeared that upon a number of the intervening petitions no process was issued against the defendant Daly, and no answer was made by him to either of the said petitions. In other cases it appeared that no writ of execution was issued upon the judgments before the filing of the intervening petition, and objection was made by the complainant, who also represented some of the intervening petitions, to all claims not based upon judg-

ments of the supreme court of the District, or upon which no
writ of execution had been levied or no process.had been issued
against the defendant Daly upon the intervening petition, and
these objections were argued by counsel representing the dif-
ferent interests.   The latest utterance of the court of appeals
on the subject of judgment creditors' bills is found in *Ohio
Nat. Bank* v. *Berlin,* 26 App. D. C. 218.   Without following
at length the reasoning of the court in that case, it is sufficient
to say that, for the purpose of this distribution, I have fol-
lowed the ruling there laid down, distributing first to the com-
plainant in full of his judgment, and next to the judgments
represented by intervening petitions in the order in which
the petitions were filed.   Four of these judgments stand on
the same basis as to time, and receive partial distribution on
their judgments."

It appears from the schedule attached that, after the pay-
ment of the trust and costs, Wyvill and the first intervening
creditor, Hambro Distilling & Distributing Company, were
paid in full, and the balance of the fund was divided *pro rata*
between the Chr. Heurich Brewing Company, Meyer, Pitts,
& Company, Daniel Loughran, and Grabfelder & Company,
who filed their respective petitions of intervention on the
same date.

*Mr. L. A. Bailey, Mr. A. W. Levensaler,* and *Messrs.
Brandenburg & Brandenburg* for the appellant.

*Mr. H. Winship Wheatley* and *Mr. Leon Tobriner* for the
appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the
Court:

The sole question presented by this appeal is the priority
in which the various parties who intervened in the case below
and became parties complainant shall be paid out of the funds
in the hands of the court.

Of the appellants who have perfected their appeals, it appears that the Arlington Brewing Company acquired a judgment in the justice of the peace court of the District, upon which execution was issued and returned "No property found." A transcript was properly filed in the supreme court of the District, and a fieri facias issued thereon, but was not returned at the time the company filed its intervening petition. H. & H. W. Catherwood secured judgment originally in the justice of the peace court, upon which execution was issued and returned "No property found." A transcript was filed in the supreme court, and a fieri facias issued thereon and returned *"Nulla bona."* The same proceeding as in the Arlington Brewing Company case was had in the Albert E. Norris & Company case. An objection is interposed to the right of the Arlington Brewing Company and Albert E. Norris & Company to participate in this fund as judgment creditors, inasmuch as it is insisted no liens were acquired in the supreme court of the District because of the failure of the marshal to make return of the fieri facias. This contention, we think, is without merit. A judgment lien against the property of the defendant Daly in the District existed from the time of the delivery of the fieri facias to the marshal. D. C. Code, sec. 1079, [31 Stat. at L. 1359, chap. 854]. The companies were judgment creditors, and entitled to intervene in the equitable proceeding.

It is well settled by the decisions of this court that, where a bill is filed by a judgment creditor to subject the equitable estate of the judgment debtor to the satisfaction of the claim, and the judgment creditor asserts only his own right, he acquires an equitable lien as of the date of the filing of his bill and the issuance of process thereon. *Gottschalk* v. *Live Oak Distillery Co.* 7 App. D. C. 169; *Fulton* v. *Fletcher,* 12 App. D. C. 1; *Babbington* v. *Washington Brewery Co.* 13 App. D. C. 527; *May* v. *Bryan,* 17 App. D. C. 392; *Ohio Nat. Bank* v. *Berlin,* 26 App. D. C. 218. As was said in *Young* v. *Kelly,* 3 App. D. C. 296: "It is conceded, and of course it could not successfully be controverted, that by the filing of a bill in equity

. to enforce a judgment at common law, and by the issue of process thereon, a lien is obtained by the complainant upon the property specifically and sufficiently described in the bill and sought to be reached by it; and this equitable lien continues until the suit is disposed of by decree, dismissal, abatement, or otherwise." Where a judgment creditor, therefore, files a bill in equity to subject the equitable estate of the judgment debtor to the satisfaction of his claim, and does so in his own behalf solely, he obtains a prior lien dating from the date of the filing of his bill and the issue of process thereon.

. But that is not this case. The bill was filed not only on behalf of the judgment creditor Wyvill, but "on behalf of such other judgment creditors of said defendant Daly as may properly intervene and become parties hereto." It was in the nature of a general creditors' bill. It was filed on behalf of a number of judgment creditors, and had the effect of bringing . them in to share in the proceeds of the particular estate. Wyvill did not pursue the course open to the vigilant creditor to acquire a prior lien. The case here is not different from an instance where a number of judgment creditors unite in the original bill against the living debtor. In that instance, the equitable liens of the creditors so uniting would be prior to all those subsequently acquiring equitable liens, but those uniting in the original bill would pro rate in the distribution.

The receiver appointed under the prayer of Wyvill's bill was appointed to collect the property of the judgment debtor, and hold it subject to the order of the court for the satisfaction of the claims,—not only of Wyvill's, but of such other creditors' as might intervene and become proper parties. While the question of the prior rights of creditors under a bill of this sort has not been before presented to this court, we think the law is well settled that, where a complainant, through a bill in equity, seeks to subject an equitable estate to the satisfaction of his claim, and files the bill for himself and for such other creditors as may intervene and share in the expenses of the suit, he gains no priority over such creditors. "If the plaintiff professes to sue both for himself and for

such other creditors as may choose to come in and share in the expenses of the suit, it is obvious that he gains no priority over such creditors in the distribution of the proceeds of the suit." 6 Pom. Eq. Jur. § 892. See also *Younger* v. *Massey,* 41 S. C. 50, 19 S. E. 125; *Haskin Wood Vulcanizing Co.* v. *Cleveland Ship-Building Co.* 94 Va. 439, 26 S. E. 878. It logically follows that the creditor filing the bill, with all those creditors intervening with him, would be entitled to share *pro rata* in the final distribution of the funds.

The auditor misapprehended the holding of this court in *Ohio Nat. Bank* v. *Berlin, supra.* In that case the bill was filed by a single judgment creditor on its own behalf. The only question of priority involved was between the lien thus acquired against the equitable estate, and the grantee of the same equitable interest under an unrecorded conveyance. It was held that the judgment creditor was "entitled to the enforcement of his judgment by a decree for the sale of the equitable interest described in the bill as against the right of the defendant Green, who did not undertake to record his conveyance until after the bill had been filed."

The judgment is reversed, with costs, and the cause remanded, with instructions to proceed in accordance with the views expressed in this opinion.                      *Reversed.*