## Wytheville.

### AMERICAN TOBACCO COMPANY V. CITY OF RICHMOND
*and*
### AMERICAN TOBACCO COMPANY V. CITY OF DANVILLE.

June 12, 1919.

1. TAXATION—*Tangible and Intangible Property—Tobacco in Storage—Situs for Property.*—Where it appeared from the record that the chief office and business domicile of a foreign corporation was in Richmond, where it conducted its business of manufacturing tobacco in this State, tobacco bought for the purpose of manufacture and held in this State, in which its capital is invested, must be taxed as a part of such capital, as intangible property, and the situs of such property for taxation was at Richmond, its business domicile prior to act of March 6, 1918 (Acts 1918, p. 173). By that act the General Assembly has recognized this as the law then existing, but has changed it by providing that on and after February 1, 1919, the situs for the taxation of such property shall be in the county or city in which it is physically located, though it must be still classed and taxed as intangible property.

2. TAXATION—*Omitted Property—Property not Omitted but Erroneously Assessed.*—Omitted taxes are taxes upon property which either because it has been concealed, overlooked, or for some other insufficient reason, has escaped taxation. Where the taxpayer did not conceal and the local officials did not overlook the property, but there was a mutual mistake as to the class of the property—that is, whether it was tangible or intangible—as to its legal situs for taxation, and the property was therefore erroneously assessed elsewhere, the municipality cannot after two years reassess the property, because the same limitation which binds the taxpayer under section 571 of the Code of 1904 also binds the city in such cases of erroneous assessment.

Error to orders of the Hustings Court of city of Richmond and the Corporation Court of city of Danville on

motions to correct erroneous assessments. Orders for the cities. Taxpayer assigns error.

*Order of Richmond court amended and affirmed.*
*Order of Danville court reversed.*

The opinion states the case.

*L. L. Lewis* and *Jas. E. Cannon,* for the plaintiff in error.

*H. R. Pollard* and *E. Walton Brown,* for the defendants in error.

PRENTIS, J., delivered the opinion of the court.

These cases were heard together and require the determination of the situs for local taxation of certain tobacco of the American Tobacco Company, a foreign corporation, which was stored in its warehouse in the city of Danville on February 1st of each of the years 1916 and 1917.

For the city of Richmond it is claimed that the company being a manufacturer, such property is taxable as representing a part of its invested capital, and that the principal office or business domicile of the company being in the city of Richmond, such capital is there taxable, as intangible property. The city of Danville, on the other hand, claims that the tobacco, being tangible, is therefore taxable at its actual location.

Elaborate and learned arguments are made, and it is fair to say that originally the question was not free from doubt. However, since the decision of the case of *Commonwealth* v. *United Cigarette Machine Co., Ltd.,* 119 Va. 447, 89 S. E. 935, followed by *Union Tanning Co.* v. *Commonwealth, et al.,* 123 Va. 610, 96 S. E. 780, construing the recent Virginia statutes involved, the question must be regarded as definitely settled here, and for the reasons there clearly and sufficiently stated.

[1] It appearing from the record that the chief office and business domicile of the company is in Richmond, where it conducts its business of manufacturing tobacco in this State, therefore it is clear, under the decisions referred to, that tobacco bought for purposes of manufacture and held in this State, in which its capital is invested, must be taxed as a part of such capital, as intangible property, and that as the law then was, its situs for taxation is at such business domicile.    By the act approved March 6, 1918 (Acts 1918, p. 173), the General Assembly has recognized this as the law then existing, but has changed it by providing that on and after February 1, 1919, the situs for the taxation of such property shall be in the county or city in which it is physically located, though it must be still classed and taxed as intangible property.

In order to determine the other questions here involved, it is necessary to recite the pertinent facts leading up to this litigation.    Prior to October, 1917, both in Richmond and in Danville, as well as in the counties of Chesterfield and Halifax, where the company has warehouses in which it stores tobacco, by common consent, such tobacco was listed and subjected to local taxes, in these several localities.    At that time, however, the examiner of records in the Richmond district reported the company as liable for omitted taxes for the years 1915, 1916 and 1917 upon the same property as intangible which had been previously assessed as tangible property in the other localities mentioned, and the city of Richmond thereupon assessed taxes thereon for those years as intangible property at the local rate prescribed, thirty cents on the one hundred dollars of value.    Whereupon the company made application, under Code, section 571, to the proper courts in Chesterfield, Halifax and Danville for relief from the local taxes thereon which had been previously assessed against it in these localities for the years 1916 and 1917.    It did not make and

could not sustain similar motions for the recovery of the taxes for the year 1915, because barred by the two years' limitation prescribed by the statute for such motions. The circuit, courts of the counties of Chesterfield and Halifax adjudged the previous assessments in those counties erroneous, upon the ground that the company was not liable therefor, both because the property was not lawfully taxable as tangible property and because the business domicile of the company was in the city of Richmond. The Danville court, however, while recognizing the fact that the property should have been assessed as intangible, and therefore subject only to a local tax of thirty cents upon the $100 of value as upon intangible property instead of $1.65, the local rate in Danville, upon tangible property, nevertheless also held that the situs for taxation of the tobacco stored there for these years was in Danville, and accordingly entered its order refusing to exonerate the company from such local taxation. The Richmond court, following the cases above referred to, also refused to exonerate the company, which had made motions in both courts, not because it expected to escape taxation in both localities, but because it desired to avoid paying local taxes on the same property in both cities.

In our opinion, the judgment of the Richmond court is without error as to these taxes for the years 1916 and 1917, and it will therefore be affirmed, and the judgment of the Danville court is erroneous; therefore it will be reversed.

As to the taxes for the year 1915, the commissioner had already erroneously assessed the tobacco of the company stored in its warehouses in Richmond on February 1st of that year at the local rate on tangible property ($1.65 per $100), instead of thirty cents, the legal local rate on intangible property. This had been done deliberately upon the advice of the city attorney, and apparently with the knowledge that the company also at the time had tobacco

stored in the other localities in the State already named. As heretofore noted, the two years' limitation having intervened, the company was without remedy as to these taxes, so erroneously assessed as upon tangible property in the city of Richmond and elsewhere for the year 1915, and already collected. With these facts before it, the Richmond court refused to relieve the company from the taxes which had been assessed in Richmond in 1917 as omitted for the year 1915 upon tobacco held by the company in other localities which had already been assessed and taxed in such localities as tangible property for the same year, and of this the company complains. If this judgment is sustained, the city of Richmond will be permitted to retain an erroneous tax assessed by it in 1915 for that year at the higher local rate, upon the theory then held that such tobacco as was stored in Richmond was taxable as tangible property, and at the same time, in 1917, after it is too late to correct this error against the taxpayer, to reach out and tax for the same year, 1915, the tobacco then held by the company in the other localities upon the theory that it was taxable in Richmond as intangible property. In the forum of conscience, such a claim does not appeal to the natural sense of justice. If it is sustained, it should only be because the statutes controlling the question plainly so require. The remedies in such cases, both for the municipality and the taxpayer, should be mutual, and it being clear that the taxpayer in such case is without remedy as to these taxes erroneously assessed and collected for 1915, in Richmond and elsewhere, therefore the city ought to be denied the right to reassess and tax property which has already been once taxed after the lapse of the two years which bars the remedy of the taxpayer.

[2] Upon a fair consideration of the entire question, we are of opinion that these taxes should not be construed to be "omitted" within the true intent and meaning of the

statute. Omitted taxes are taxes upon property which either because it has been concealed, overlooked or for some other insufficient reason has escaped taxation. Here, however, the taxpayer did not conceal and the local officials did not overlook the property. There was a mutual mistake as to the class of property—that is, whether it was tangible or intangible—as to its legal situs for taxation, and as to the rates applicable thereto. The property which was in Danville, Chesterfield and Halifax in February, 1915, which in October, 1917, the city of Richmond undertook to tax again, had neither been omitted nor overlooked. It had been erroneously assessed. Section 571 of the Code was enacted for the correction of erroneous assessments, and as the city after two years is protected by that statute and can retain all amounts erroneously assessed and illegally collected to the disadvantage of the taxpayer, so it must be bound by the statutory limitation when it operates to the advantage of the taxpayer after he has lost his remedy under the statute. The legislature itself has recognized a similar, just and equitable doctrine in the statute referring to omitted taxes (Acts 1916, p. 828), by providing that if the taxpayer has made a full disclosure of all of his taxable property, and there has been an assessment thereof, made in good faith by the tax officer, although under misapprehension of the law, such assessment as to the valuation of such property shall be final.

We conclude, therefore, that the Richmond court erred in refusing to exonerate the company and in holding it liable as for $5,123.94 omitted taxes upon intangible property for the year 1915, because that identical property had neither been concealed nor omitted, but its existence, character and value had been fully disclosed, and there was a mutual error by which it had been erroneously assessed elsewhere as tangible property; and hence, that the city of Richmond cannot reassess it, because the same limitation

which binds the taxpayer under section 571 also binds the city in such cases of erroneous assessments.

The order will therefore be amended so as to correct this error, and the cases will be remanded for such further orders, if any, as may be necessary.

> *Order of Richmond court amended and affirmed.*
> *Order of Danville court reversed.*