## Staunton.

## BUCHANAN COUNTY AND ANOTHER V. W. M. RITTER LUMBER COMPANY AND THE COMMONWEALTH.

September 17, 1919.

1. TAXATION—*What Constitutes "Capital"—Manufacture of Lumber.* —Felled timber, railroad ties and manufactured lumber constitute "capital" of a foreign corporation engaged in the manufacture of lumber, as the word "capital" is defined in the tax bills as construed by the Supreme Court of Appeals, and is properly taxable as such.

2. TAXATION—*Band Saw Mills—"Capital."*—Portable band saw mills, carried from place to place as the exigencies of a lumber manufacturing corporation may require, are taxable as "capital". under subsection 2 of section 8, Schedule C of the Tax Bill, as amended by Acts of 1916 (Acts 1916, p. 657), and are taxable a such under clause (6), "all machinery and tools not taxed as real estate." The saw mills are "machinery and tools" within the meaning of the clause and cannot be taxed as real estate because not permanently attached to the freehold.

3. TAXATION—*Machinery—Capital or Real Estate.*—Machinery, etc., taxable as real estate is so attached to the freehold as to become part of it—such annexations that if made on the soil of another in the absence of stipulation to the contrary become the property of the owner of the soil, as factory buildings and the like. The legislature did not mean by Clause (6) Acts 1916, p. 657, to leave it to the option of the tax officials to tax some machinery and tools as real estate, and to tax other machinery and tools as capital. What was meant is that machinery and tools which were properly taxed as real estate should not again be taxed as capital.

Error to a judgment of the Circuit Court of Buchanan county on a motion to correct an erroneous assessment. Judgment for plaintiff. Defendants assign error.

*Affirmed.*

78

The opinion states the case.

*Samuel A. Anderson, John W. Williams* and *F. H. Coombs,* for the plaintiffs in error.

*John R. Saunders, Attorney General; J. D. Hank, Jr., Assistant Attorney General; E. Warren Wall; Greever, Gillespie & Divine,* for the defendant in error.

WHITTLE, P., delivered the opinion of the court.

This writ of error was granted on the petition of plaintiffs in error, Buchanan county and Rock Lick district of that county, to two orders of the circuit court entered on November 22, 1917, relieving the defendant in error, the W. M. Ritter Lumber Company (hereinafter called "the company") from an alleged erroneous assessment of taxes for the year 1917.

The company is a foreign corporation engaged in the manufacture of lumber in Buchanan county, and in connection with its business owns and operates three band-saw-mills in the county as follows: (1) One known as Hurley mill; (2) one known as Blakey mill, both of which mills are located on land owned by the company; and (3) one known as Pawpaw mill, located on land leased by the company. The first two mills were assessed and entered by the commissioner of the revenue on the land books as permanent improvements, while the Pawpaw mill was assessed as tangible property. The company also owned property consisting of felled timber, railroad ties and manufactured lumber of the estimated value of $112,460, which was assessed by the commissioner as tangible personal property. The examiner of records assessed all these properties as capital of the company.

The circuit court was of opinion that the foregoing prop-

erties were erroneously assessed as improvements on land and tangible personal property by the commissioner of the revenue, but were properly assessed as capital of the company by the examiner of records, and ordered accordingly. The trial court certified that the three band-saw mills were not permanent fixtures, but would be removed as the timber in the territory tributary to them should become exhausted.

[1]    There is no doubt, we think, that the item of $112,-460, representing felled timber, railroad ties and manufactured lumber, constituted "capital" of the company, as defined in the tax bills as construed by this court, and is properly taxable as such. *Com.* v. *United C. M. Co.,* 119 Va. 447, 89 S. E. 935; *American Tobacco Co.* v. *City of Richmond, etc.,* 125 Va. 35, 99 S. E. 777.

[2, 3]    We are also of opinion that under subsection 2 of section 8, schedule C of the tax bill, as amended by acts of 1916 (Acts 1916, p. 657) the band-saw mills come within the definition of "capital" or "net assets," and are taxable as such under clause (6)—"all machinery and tools not taxed as real estate." The three saw mills are "machinery and tools" within the meaning of clause (6), and cannot be taxed as real estate because not permanently attached to the freehold for the purpose of carrying on the manufacture of lumber at that point indefinitely. They are not permanent fixtures, but were located on the land for the purpose and with the intention of being removed from place to place as the accessible timber should become exhausted. In other words, they are portable saw mills, carried from place to place, as the exigencies of the company may require. On the other hand, machinery, etc., taxable as real estate is so attached to the freehold as to become part of it— such annexations that if made on the soil of another in the absence of stipulation to the contrary become the property of the owner of the soil, as factory buildings and the like. The legislature, by clause (6), did not mean to leave it to

the option of the tax officials to tax some machinery and tools as real estate and to tax other machinery and tools as capital. What was meant is that machinery and tools which were properly taxed as real estate should not again be taxed as capital.

We are of opinion that the case was rightly decided by the circuit court, and its orders are affirmed.

*Affirmed.*