## Richmond

**PEOPLE'S BUILDING AND LOAN ASSOCIATION OF HAMPTON, VIRGINIA v. B. B. ROANE, CLERK OF THE CIRCUIT COURT OF GLOUCESTER COUNTY.**

March 8, 1965.

Record No. 6012.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

*William Davis Butts*, on brief, for the petitioner.

*Catesby Graham Jones, Jr.*, on brief, for the respondent.

Case submitted on briefs.

Per curiam.

People's Building and Loan Association of Hampton, Virginia, presented to this court its petition for a writ of mandamus (Const. § 88, Code § 17-96) to compel the clerk of the Circuit Court of Gloucester county to admit to record a power of attorney tendered to him for recordation. The clerk refused to admit it to record because in his opinion the acknowledgment of the instrument did

not meet the requirements of the statute, § 55-113 of the Code, "in that the date of the writing and the name of the person executing the instrument were omitted entirely," so stated his answer to the petition.

The power of attorney was dated October 22, 1962, was signed "James W. Welch" and appointed his wife, Laura C. Welch, his lawful attorney, "GIVING AND GRANTING" to her as such the full power, *inter alia,* to sell and dispose of or encumber his property and to execute and deliver good and sufficient deeds or other instruments therefor.

Immediately under the signature to the instrument, and on the same sheet of paper, was a certificate of acknowledgment taken by Margaret A. Theis, a notary public in and for the city of Hampton, Virginia, in which she certified as follows:

"* * the grantor in the foregoing Power of Attorney, who is personally well known to me, appeared before me this day within the territorial limits of my authority and executed said instrument after the contents thereof had been read and duly explained to him, and acknowledged that the execution of said instrument by him was his free and voluntary act and deed * *."

Section 55-107 of the Code provides that a power of attorney may be admitted to record in any county or corporation.

Section 55-113 provides that the clerk shall admit any such writing to record as to any person whose name is signed thereto,

(1) Upon the certificate of a notary public (or other named official) that such writing has been acknowledged before him by such person; and such certificate shall be written upon or annexed to such writing, and shall be "substantially" to the effect that E. F. (the person signing) "whose name is signed to the writing above (or hereto annexed) bearing date on the ...... day of ........, has acknowledged the same before me in my county (or corporation) aforesaid."

The object of the statute is that the notary or other official taking the acknowledgment shall know and certify that the person whose name is signed to the instrument is the person who is acknowledging it. "If it is reasonably certain that the grantor made the acknowledgment of the instrument in question, that is sufficient." *Blair* v. *Rorer's Adm'r,* 135 Va. 1, 24, 116 S.E. 767, 775.

The date of the instrument is a means of identification, but not necessarily the only means; and the name of the person signing is

also a means of his identification, but not necessarily the only means. The requirement of the statute is that the certificate of acknowledgment be "substantially" in the given form.

Here the notary public has certified that the "grantor" in the "foregoing Power of Attorney," who is personally well known to her, appeared before her and executed said instrument and acknowledged it to be his free and voluntary act.

As stated, the certificate immediately follows the signature of James W. Welch and is on the same sheet of paper, so that the word "foregoing" in the certificate of acknowledgment sufficiently identifies the instrument being acknowledged, and the words "grantor in the foregoing Power of Attorney" necessarily refer to and identify the person who signed the instrument and granted the power of attorney, and who is well known to the notary public.

We conclude that the certificate of acknowledgment is substantially to the effect required by the statute and that the power of attorney should be admitted to record.

Accordingly the writ of mandamus will issue requiring the clerk to admit said instrument to record and to record it in the proper book in his office.

*Writ awarded.*